State v. Hurley

---

STATE OF NORTH CAROLINA v. JOHNNY FRANK HURLEY, JR.

No. 7519SC766

(Filed 4 February 1976)

Automobiles § 126; Criminal Law § 64— breathalyzer results — necessity for voir dire

It is not necessary for the trial court in a drunken driving case to conduct a *voir dire* hearing and find that a breathalyzer operator followed each and every procedural step prescribed by the Division of Health Services before the breathalyzer results can be admitted in evidence, the operator's testimony that he held a valid permit issued by the Department of Human Resources and that he followed the prescribed techniques as set out by the Division of Health Services being sufficient for the admission of the breathalyzer results. G.S. 20-139.1(b).

APPEAL by defendant from *Rousseau, Judge*. Judgments entered 10 April 1975 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 20 January 1976.

In case No. 75CR157 under a warrant, proper in form, defendant was convicted in District Court of a violation of G.S. 20-138(b) ; i.e., operating a motor vehicle upon a highway within this State when the amount of alcohol in his blood was 0.10 percent or more by weight. Upon his appeal to the Superior Court, defendant was tried *de novo* by a jury.

The State's evidence tended to show that on 17 January 1975, after dark, defendant entered and drove along highway

State v. Hurley

220 with only the vehicle parking lights on. Trooper Coble of the State Highway Patrol stopped defendant and advised him that the vehicle's headlights were not in operation. Upon checking defendant's driver's license, the trooper observed that defendant appeared to be intoxicated. Defendant was arrested and transported to the Highway Patrol office in Troy. The defendant was given a breathalyzer test which indicated an alcoholic content of 0.15 percent in his blood.

Defendant's evidence tended to show that just prior to his arrest he was observed by two persons, and shortly after his arrest he was observed by another and that none of the three observed anything to cause them to think he was intoxicated. Defendant did not testify.

The jury found defendant guilty of operating a motor vehicle upon a highway within this State when the amount of alcohol in his blood was 0.10 percent or more by weight. A suspended sentence was imposed, and defendant appealed.

Following the foregoing conviction, the probation officer reported defendant for the violation of terms of probation specified in a judgment entered in case No. 71CR2314 in Superior Court on 26 October 1972. The specific condition of probation alleged to have been violated was that defendant not operate a motor vehicle "when he has consumed any alcoholic beverage." The evidence offered at the probation revocation hearing was the record of the conviction in case No. 75CR157. Upon appropriate findings of fact, the trial judge revoked the probation and ordered the twelve-month probationary sentence into effect. Defendant appealed from the revocation of probation.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Gerald R. Chandler, for the defendant.*

BROCK, Chief Judge.

Defendant concedes that if there is no error in his trial and conviction in case No. 75CR157, there is likewise no error in the revocation of his probation in case No. 71CR2314.

The primary thrust of defendant's appeal is that the trial court committed error in allowing the breathalyzer test results in evidence. Defendant sought and was denied a *voir dire* hearing upon whether the breathalyzer operator followed each and

every procedural step prescribed by the Commission for Health Services. It seems to be defendant's contention that the trial judge was obligated to permit the *voir dire;* that the State was obligated to prove that the operator had followed each and every procedural step prescribed; that the defendent was entitled, on *voir dire,* to cross-examine the operator upon the manner in which he followed each and every procedural step; and that the trial judge, before allowing the test results in evidence, must find that the operator followed each and every procedural step prescribed. We reject the argument that such a *voir dire* and findings are required.

We have reviewed the records, the arguments, and opinions in *State v. Powell,* 10 N.C. App. 726, 179 S.E. 2d 785 (1971), and in *State v. Powell,* 279 N.C. 608, 184 S.E. 2d 243 (1971). It appears that the present appeal is merely "that same old raccoon with nothing new except another ring around its tail."

The operator in this case testified that he held a valid permit issued by the Department of Human Resources and that he followed the prescribed techniques as set out by the Division of Health Services. This evidence satisfied the requirements of G.S. 20-139.1 and entitled the test results to be admitted into evidence. Obviously defendant was not bound by this testimony and, in the presence of the jury, was entitled to cross-examine the operator within reasonable limits and to impeach his testimony if possible. Actually, in this case, defense counsel was allowed wide latitude in cross-examination of the operator, and such cross-examination was conducted at length. It appears the jury was not impressed that the operator's testimony had been impeached.

Defendant's argument that he was entitled to have the alternate issue of reckless driving submitted to the jury is not supported by the evidence.

We have considered all of defendant's assignments of error and find them to be without merit.

No error in case No. 75CR157.

Affirmed in case No. 71CR2314.

Judges BRITT and MORRIS concur.