STATE OF NORTH CAROLINA v. ALPHONSO SIMPSON

No. 825SC618

(Filed 1 March 1983)

1. Criminal Law § 138— hit and run driving—avoiding arrest as aggravating factor

    In imposing a sentence for felonious hit and run driving, the trial court did not err in finding that the offense was committed for the purpose of avoiding arrest on the theory that the evidence used to prove such factor was necessary to prove an element of the offense where defendant's avoidance of arrest occurred before the hit and run and was thus not necessary to prove an element of that offense. G.S. 15A-1340.4(a)(1).

2. Criminal Law § 145.5— restitution as condition of work-release or parole— amount supported by record

    The trial court properly ordered defendant to make partial restitution to a hit and run victim as a condition of work-release or parole, but the court erred in ordering defendant to pay one-half of his earnings while on work-release or parole without fixing a maximum supported by the record as required by G.S. 15A-1343(d). G.S. 148-33.2(c).

APPEAL by defendant from *Collier, Judge.* Judgment entered 27 October 1981 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 10 January 1983.

Defendant pled guilty to the misdemeanor offenses of driving while his license was revoked and without financial responsibility. He pled no contest to felonious hit and run, failure to stop for siren and blue light, and reckless operation. At the sentencing hearing, the State presented the following evidence. Officer Farris testified that on 7 September 1981, there was a roadblock for

a driver's license check on Princess Place Drive. Defendant was stopped, and Officer Clark asked him for his license. Defendant did not have one. He pulled over, turned around, and proceeded down Princess Place Drive heading southeast. Clark pursued defendant with his blue light and siren on. When defendant reached the intersection of Market Street and Kerr Avenue, he drove through the parking lot of a gas station. Several blocks later, he collided with another car, causing it to leave the road and hit a tree. After the collision, defendant was clocked at sixty-seven miles per hour. The speed limit was forty-five. One and six-tenths miles later, Trooper Smith and Officer Clark forced defendant off the road. Smith pointed his revolver at defendant to make him stop. Defendant's car left skid marks two hundred and twenty feet long. The driver of the car defendant collided with, Debbie Mathis, suffered the following injuries: broken left foot; crushed right kneecap, which had to be removed; both bones in her left arm were broken; broken jaws; crushed sinus cavities; broken nose; crushed forehead; and her right eye was damaged. Defendant was uninsured, his car was not registered, and his license had been revoked from 3 May 1981 to 3 May 1982. On cross-examination, Farris said that defendant told him his brakes were not working. Farris checked the brakes and discovered they would not work unless they were pumped.

Defendant testified as follows. He said he worked as a mechanic at an Amoco service station. On 7 September 1981, he was going to an insurance company to get insurance so he could register his car. After he was stopped at the roadblock, he thought Officer Clark was going to follow him to the insurance company. He was getting ready to pull over when he hit Mathis' car. He tried to stop after she went off the road. He said he was not trying to get away, he wanted to go back and see Mathis' condition. On cross-examination, he admitted he had previously said Mathis' injuries were caused by her heart attack, not the collision. He also said he applied for title to his car under the name "Al Simmons" because he was under the influence of some medicine.

In sentencing defendant for the offense of felonious hit and run, the trial judge found the following aggravating factors: "The offense was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody" and "[t]he

defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement." The judge found no mitigating factors. The judge found that the factors in aggravation outweighed the factors in mitigation, and sentenced defendant to three years imprisonment. Defendant received a two-year sentence for the misdemeanor offenses, to begin at the expiration of the sentence for felonious hit and run. The judge also recommended defendant pay one-half of all his earnings while on work-release or parole to the victim, Debbie Mathis, as restitution.

*Attorney General Edmisten, by Associate Attorney Michael Rivers Morgan, for the State.*

*Appellate Defender Adam Stein and Assistant Appellate Defender Nora B. Henry, for defendant appellant.*

VAUGHN, Chief Judge.

[1] Defendant contends the trial court erred in imposing a sentence in excess of the presumptive sentence because the aggravating factors were not supported by the evidence. Defendant contends that an aggravating factor, that the offense was committed for the purpose of avoiding arrest, was improperly found because the evidence used to prove the factor in aggravation was necessary to prove an element of the offense.

"Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. . . ." G.S. 15A-1340.4(a)(1). The offense of felonious hit and run is as follows: "The driver of any vehicle involved in an accident or collision resulting in injury or death to any person shall immediately stop such vehicle at the scene of such accident or collision, and any person violating this provision shall upon conviction be punished as provided in G.S. 20-182." G.S. 20-166(a). The elements of the offense are that defendant was driving the vehicle; the vehicle came into contact with another person resulting in injury or death; and defendant failed to stop immediately, knowing he had struck the victim. *State v. Fearing*, 304 N.C. 471, 284 S.E. 2d 487 (1981). Defendant contends that since the accident occurred while he was avoiding arrest the "run" element of hit and run was used to prove an aggravating factor. Defendant, however, had driven several blocks in attempting to avoid arrest before the collision

occurred. His avoiding arrest occurred before the hit and run, and was not evidence necessary to prove an element of the offense.

Defendant's next argument is that the trial judge erred in failing to find the following mitigating factors: "Prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer," and "The defendant has been a person of good character or has had a good reputation in the community in which he lives." There was absolutely no evidence introduced at the sentencing hearing to support either of these mitigating factors, and the trial judge did not err by not finding that they existed.

[2] Defendant also argues that the trial court erred in ordering restitution as a condition of work-release when there was no evidence supporting the amount of restitution ordered.

G.S. 148-33.2(c) authorizes the court to impose restitution as a condition of attaining work-release privileges. G.S. 15A-1343(d) provides, in part:

> When restitution or reparation is a condition imposed, the court shall take into consideration the resources of the defendant, his ability to earn, his obligation to support dependents, and other such matters as shall pertain to his ability to make restitution or reparation. The amount must be limited to that supported by the record, and the court may order partial restitution or reparation when it appears that the damage or loss caused by the offense or offenses is greater than that which the defendant is able to pay.

It is obvious from the description of the injuries to the victim that defendant will never be able to make full restitution, and the judge was correct in his determination that partial restitution should be required. He erred, however, in ordering defendant to pay one-half of his earnings while on work-release or parole without fixing a maximum supported by the record as required by G.S. 15A-1343(d).

That part of the judgment ordering restitution is vacated, and the case is remanded for the entry of judgment consistent with this opinion.

Remanded.

Judges WELLS and BRASWELL concur.