STATE OF NORTH CAROLINA v. JAMES MONROE HUNTLEY

No. 8226SC1052

(Filed 7 June 1983)

**1. Larceny § 7.7— larceny of automobile—exclusion of testimony harmless error**

   In a prosecution for stealing an automobile in violation of G.S. 14-72, the trial court erred in failing to allow a man to testify that he saw a drunk give defendant a car key and $10.00 and heard him tell the defendant that he wanted him to go pick up some lady; however, the error was harmless since the car was not stolen until more than an hour later than the conversation and the alleged key that the drunken man gave defendant could not possibly have been to the stolen car that the defendant was caught driving an hour and a half later.

**2. Criminal Law § 138— fair sentencing act—aggravating factor improperly considered**

   In a prosecution for stealing an automobile, the trial court improperly considered as an aggravating factor that the offense was committed for pecuniary gain since the only evidence of record which bears on defendant committing the offense for pecuniary gain was the evidence that he committed the larceny for which he was indicted. G.S. 15A-1340.4(a)(1).

APPEAL by defendant from *Howell, Judge*. Judgment entered 10 May 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 March 1983.

After a jury trial the defendant was convicted of stealing an automobile in violation of G.S. 14-72. The car, left momentarily in front of the owner's place of business with the motor running while the owner was locking up for the night, was stolen about 10:15 o'clock at night. About fifteen minutes later the car was spotted by the Charlotte police with the defendant driving it, and his arrest immediately followed. The defendant was sentenced to prison for a term of eight years.

*Attorney General Edmisten, by Special Deputy Attorney General Daniel C. Oakley, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for the defendant appellant.*

PHILLIPS, Judge.

[1] The defendant, who did not take the stand during the trial, cites as error the court's refusal to admit the testimony of his

witness, Samuel Buford, concerning a conversation that he purportedly heard the evening of the crime between the defendant and an unidentified third party. Buford's proffered testimony, in substance, was that: While in a Charlotte liquor house with the defendant before 9 o'clock, he saw a drunken man, who asked if anybody had a driver's license, and upon defendant saying that he did, he saw the drunk give him a car key and ten dollars, and heard him tell the defendant that he wanted him to go pick up some lady, after which the defendant and the drunk man left. The evidence was rejected as hearsay.

Since the purpose in offering this testimony was not to establish the truth of the matters discussed, but only that such a conversation occurred and that pursuant to it the defendant received a car key and left, it was not inadmissible hearsay. 1 Brandis §§ 138, 141 (2d rev. ed. 1982). But the rejection of this evidence, though erroneous, was not prejudicial to the defendant, even though his hope was, of course, that the jury would conclude from it that the car referred to was the stolen vehicle and that he was driving it in good faith because this drunken stranger asked him to. This was a vain hope, however, since Buford said it was before 9 o'clock that night when the incident and conversation occurred, whereas the car was not stolen until more than an hour later than that. Thus, the key that the drunken man gave the defendant, if he gave him one, could not possibly have been to the stolen car that the defendant was caught driving about an hour and a half later; and if the testimony had been permitted it could not have caused the jury to reach a different verdict. Therefore, the error was harmless. G.S. 15A-1443(a).

[2] But the defendant's contention that the trial judge did not comply with the Fair Sentencing Act (G.S. 15A-1340.1 *et seq.*) in sentencing him to prison for eight years is well taken. In assessing and classifying the different felonies according to each one's gravity and establishing for each classification a presumptive sentence, the General Assembly placed the offense that defendant was convicted of in Class H and established for it a presumptive sentence of three years. Under the Act, except when pursuant to plea bargaining, deviations from the presumptive sentence must be based on aggravating or mitigating factors properly found from evidence. The longer sentence given the defendant was based upon two aggravating factors — defendant's prior conviction

of an offense punishable by more than sixty days confinement, and that the offense was committed for pecuniary gain. The first aggravating factor was properly found and considered, but the second was not, and the defendant will have to be resentenced with that factor not being taken into account.

This is because G.S. 15A-1340.4(a)(1) provides in pertinent part,

> "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. . .",

and the only evidence of record which bears on defendant committing the offense for pecuniary gain was the evidence that he committed the larceny for which he was indicted. Manifestly, if the very elements of an offense, which caused it to be assessed and classified for sentencing purposes in the first place, could also be used as aggravating factors in imposing longer sentences, the assessments and classifications made by the General Assembly, the very foundation of the Act, would be meaningless. Too, since desire for pecuniary gain is inherent in all thievery, as the General Assembly no doubt considered in establishing presumptive sentences for the different larcenies, using it as an aggravating factor in any larceny case would not seem to be in keeping with either the letter or spirit of the Act.

Upon remand, therefore, after weighing the one aggravating factor that was properly found against the one mitigating factor also found, the punishment that is appropriate for the defendant under the circumstances will be redetermined in accord with this opinion and the Fair Sentencing Act.

In the defendant's trial, no error.

Remanded for sentencing.

Judges ARNOLD and BECTON concur.