STATE OF NORTH CAROLINA v. ROGER DAN HARRIS

No. 8217SC1328

(Filed 3 January 1984)

**1. Criminal Law § 138— pecuniary gain improperly considered**

In a prosecution for larceny, the trial court erred in considering as an aggravating factor that the offense was committed for pecuniary gain since pecuniary gain is inherent in the crime of larceny.

**2. Criminal Law § 138— aggravating factor that crimes involved great monetary value improperly considered**

The trial court erred in considering as aggravating factors that the crimes involved great monetary value since the only evidence of value before the court was that which was necessary to show that the felony larcenies charged had been committed.

**3. Criminal Law § 138— prior convictions improperly considered**

The trial court erred in considering defendant's prior convictions as an aggravating factor since the only evidence supporting this factor was a statement by the district attorney that defendant had "a record of prior convictions," and since it was not even established that the convictions were punishable by more than 60 days' confinement. G.S. 15A-1340.4(e).

**4. Criminal Law § 138— mitigating factor that restitution was made to victims — supported by evidence**

The trial court erred in failing to consider as a mitigating factor that restitution was made to the victims of his larcenies since evidence supporting that factor was unrefuted.

APPEAL by defendant from *Collier, Judge.* Judgments entered 17 August 1982 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 19 September 1983.

Defendant was indicted on seventeen counts of conspiracy to commit larceny and eighteen counts of felonious larceny. He pled guilty to all counts pursuant to a plea bargain that consolidated the offenses into five separate groups for sentencing purposes. The trial court consolidated the charges according to the plea bargain, made findings in aggravation, and entered five judgments, each of which sentenced the defendant to six years independent of the other sentences, for a total of thirty years. All offenses involved here are Class H felonies, the presumptive sentence for which is three years. In each instance, the trial court found the following aggravating factors:

The defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants.

The offense was committed for hire or pecuniary gain.

The offense involved an attempted or actual taking of property of great monetary value or damage causing great monetary loss, or the offense involved an unusually large quantity of contraband.

The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement.

The trial court found no mitigating factors.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant appellant.*

PHILLIPS, Judge.

In sentencing the defendant the Fair Sentencing Act was not complied with and this matter is remanded to the trial court for re-sentencing.

[1] Pecuniary gain is inherent in the crime of larceny, which the Legislature no doubt took into account when establishing a presumptive sentence for it, and the court erred in using that fact to increase defendant's sentence. *State v. Huntley*, 62 N.C. App. 577, 303 S.E. 2d 330 (1983).

[2] It was also error to use as an aggravating factor that the crimes involved great monetary value, because the only evidence of value that was before the court was the evidence that was necessary to show that the felony larcenies charged had been committed. *State v. Simpson*, 61 N.C. App. 151, 300 S.E. 2d 412 (1983).

[3] Too, since the only reference to defendant's prior convictions was a statement by the District Attorney that defendant had "a record of prior convictions," the defendant's contention that this aggravating factor was not properly established is also well taken. It was not even established that the convictions were pun-

ishable by more than sixty days' confinement, as the statute requires. While the methods of proving such convictions stated in G.S. 15A-1340.4(e) are not exclusive, *State v. Massey,* 59 N.C. App. 704, 298 S.E. 2d 63 (1982), proof of some kind is still necessary and a statement by the District Attorney, standing alone, is not proof.

**[4]**  Finally, since defendant's evidence that restitution was made to the victims of his larcenies was unrefuted and apparently recognized by the State to be true, it was error for the court not to find a mitigating factor to that effect. *State v. Wood,* 61 N.C. App. 446, 300 S.E. 2d 903, *rev. denied,* 308 N.C. 547, 302 S.E. 2d 884 (1983).

Remanded for re-sentencing.

Chief Judge VAUGHN and Judge WHICHARD concur.