STATE OF NORTH CAROLINA v. ROBERT ERY LOCKWOOD

No. 8521SC734

(Filed 3 December 1985)

1. **Automobiles and Other Vehicles § 126.3— breathalyzer test—proper procedure followed**

   The record established that a chemical analyst followed the required operational procedure when he collected two breath samples from defendant with a breathalyzer where the analyst's affidavit indicated that he observed defendant for more than thirty minutes before collecting the first breath sample, that he had a valid permit to operate the breathalyzer, and that he followed the regulations of the Commission for Health Services for sequential breath testing in performing the tests.

2. **Automobiles and Other Vehicles § 126.3— regulation for time between breathalyzer tests**

   A regulation of the Commission for Health Services instructing a breathalyzer operator to collect a second breath sample when the words "blow

sample" reappear on the machine complied with the requirement of N.C.G.S. 20-139.1(b3)(1) that the Commission designate the time requirement between the first and second breath test.

3. **Criminal Law § 138— driving while impaired—reckless driving as aggravating factor—insufficient evidence**

The trial court erred in finding as an aggravating factor for driving while impaired that defendant's driving was especially reckless based upon the prosecutor's statement that defendant had been charged with passing through a red light on the same citation as the driving while impaired charge where there was no evidence before the court to support this assertion.

APPEAL by defendant from *Morgan, Judge.* Judgment entered 16 April 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 18 November 1985.

This is a proceeding wherein defendant was charged with driving while impaired, a violation of G.S. 20-138.1. Defendant moved to suppress evidence regarding the results of a breathalyzer test, which motion was denied. Preserving his exception to the denial of the motion, defendant pleaded guilty and appealed from the judgment entered.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Mabel Y. Bullock, for the State.*

*Alexander, Wright, Parrish, Hinshaw, Tash and Newton, by Carl F. Parrish, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant contends that the trial court erred in denying his motion to suppress the results of the test taken with the Breathalyzer Model 2000. He argues that the chemical analyst who administered the test did not follow the regulations of the Commission for Health Services for sequential breath testing and that the Commission failed to set out the time requirements for sequential breath testing as required by G.S. 20-139.1. We disagree with both of defendant's arguments.

G.S. 20-139.1 provides, in pertinent part, as follows:

(b3) Sequential Breath Test Required.—By January 1, 1985, the regulations of the Commission for Health Services governing the administration of chemical analyses of the

breath must require the testing of at least duplicate sequen-
tial breath samples. Those regulations must provide:

(1) A specification as to the minimum observation period
before collection of the first breath sample and the time re-
quirements as to collection of second and subsequent sam-
ples.

The Commission for Health Services provided in 10 N.C. Ad-
min. Code 7B .0102(18) that the observation period prior to the
collection of a breath sample is fifteen minutes. The procedure for
administering a test with the Model 2000 Breathalyzer after the
observation period is set out in 10 N.C. Admin. Code 7B .0346.
This regulation instructs the operator to collect the first breath
sample when "blow sample" appears on the machine and to collect
the second sample when these words reappear, indicating that the
machine is ready for a second analysis. The regulation further
provides that if the alcohol concentration of these two samples
differs by more than .02, a third or subsequent test shall be ad-
ministered "as soon as feasible" by repeating the enumerated
steps.

[1]   In this case the record clearly establishes that the chemical
analyst followed the required operational procedure when he col-
lected two breath samples from defendant with the Model 2000
Breathalyzer. The affidavit of the chemical analyst indicates that
he observed defendant for more than thirty minutes before col-
lecting the first breath sample. The affidavit further shows that
the analyst held a valid permit to operate this breathalyzer and
that he performed the test "in accordance with the methods ap-
proved by the Commission for Health Services as set forth in 10
NCAC 7B .0300." This evidence satisfies the requirements of G.S.
20-139.1 and entitled the test results to be admitted into evidence.
*State v. Hurley*, 28 N.C. App. 478, 221 S.E. 2d 743, *disc. rev.
denied*, 289 N.C. 617, 223 S.E. 2d 394 (1976). Thus, defendant's
argument that the chemical analyst did not follow the proper op-
erational procedures is without merit.

[2]   We also find no merit in defendant's argument that the Com-
mission of Health Services failed to set out time requirements
between the first and second breath tests as required by G.S.
20-139.1. The operational procedure in 10 N.C. Admin. Code 7B
.0346 designates a specific time, which is at the reappearance of

the words "blow sample," for the collection of the second breath sample.

**[3]** Defendant also contends that the trial court erred in finding as an aggravating factor that "defendant's driving was especially reckless because the only evidence in front of the court was the assistant district attorney's recital in open court that the defendant was charged with running a flashing red light on the same citation as the driving while impaired charge." We agree.

There was no evidence presented at the sentencing hearing in the present case which indicated that defendant had been driving recklessly when he was charged with driving while impaired. Although the assistant district attorney stated that defendant had been charged with passing through a red light without stopping, the record shows that there was no evidence before the court to support this assertion. This statement, standing alone, is not evidence that defendant had been driving recklessly. *State v. Harris*, 65 N.C. App. 816, 310 S.E. 2d 120 (1984). Therefore, we hold that the court erred in finding as an aggravating factor that defendant's driving had been especially reckless, and the case is remanded for resentencing.

No error on the motion; remanded for resentencing.

Judges WHICHARD and JOHNSON concur.