STATE OF NORTH CAROLINA v. GRAYLON (GRAYLAND) MASSEY

No. 8220SC511

(Filed 7 December 1982)

1. **Criminal Law § 138.7— sentencing hearing—prior convictions—U.S. Department of Justice record**

   The statute providing that prior convictions "may" be proved at a sentencing hearing by stipulation or by original or certified copy of the court record, G.S. 15A-1340.4(e), did not prohibit proof of defendant's prior conviction by the reading into evidence of his U.S. Department of Justice record, and it was not error to permit the reading of the record into evidence where defendant failed to object or challenge in any way the accuracy of the record as read, did not deny that he was the person named therein, and did not seek to have the record excluded on the ground that he was indigent and unrepresented by counsel when his prior convictions were obtained.

2. **Criminal Law § 138— Fair Sentencing Act—finding that aggravating factor outweighed mitigating factor**

   Where the trial court found as a factor in aggravation that defendant had a prior record of convictions and as a factor in mitigation that defendant had aided in the apprehension of other individuals involved, and defendant's record of prior offenses showed four previous convictions of breaking and entering, the trial court did not err in finding that the factor in aggravation outweighed the factor in mitigation and in entering sentences on two counts of breaking and entering in excess of the presumptive sentence. G.S. 14-54(a); G.S. 15A-1340.4(f)(6).

3. **Criminal Law § 138— sentencing hearing—failure to make finding as to mitigating factor—no abuse of discretion**

   Defendant failed to show any abuse of discretion by the trial court in failing to make a finding in mitigation that defendant voluntarily acknowledged wrongdoing at an early stage of the criminal process. G.S. 15A-1340.4(a)(2)(1).

4. **Burglary and Unlawful Breakings § 8— sentence for breaking and entering—offense before Fair Sentencing Act**

   The trial court did not err in imposing an eight year sentence for an offense of felonious breaking and entering committed prior to the effective date of the Fair Sentencing Act where the record did not indicate that the sentence was entered under a misapprehension of the applicable law, and the sentence imposed was within the ten year maximum allowed when the offense was committed. G.S. 14-2; G.S. 14-54(a).

APPEAL by defendant from *Mills, Judge.* Judgments entered 26 April 1982 in Superior Court, UNION County. Heard in the Court of Appeals 16 November 1982.

Defendant pled guilty to two counts of felonious breaking and entering. He appeals from judgments of imprisonment, assigning errors to the sentencing process.

*Attorney General Edmisten, by Assistant Attorney General Steven F. Bryant, for the State.*

*L. K. Biedler, Jr., for defendant appellant.*

WHICHARD, Judge.

I.

[1] Defendant first contends the court erred in allowing his U.S. Department of Justice record to be read into evidence at the sentencing hearing. He argues, in effect, that G.S. 15A-1340.4(e), which provides that "[a] prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction," precludes proof by other methods.

Defendant failed to object when his record was read into evidence. The failure to object to introduction of evidence is a waiver of the right to do so, and its admission, even if incompetent, is not a proper basis for appeal. *State v. Wilkins*, 297 N.C. 237, 241, 254 S.E. 2d 598, 601 (1979); *State v. Lowery*, 286 N.C. 698, 707, 213 S.E. 2d 255, 261 (1975), *death sentence vacated*, 428 U.S. 902, 96 S.Ct. 3203, 49 L.Ed. 2d 1206 (1976); *State v. Gurley*, 283 N.C. 541, 545, 196 S.E. 2d 725, 728 (1973). Absent objection at the sentencing hearing, then, defendant cannot assert the method of admitting his record as a basis for appeal.

Further, the language of G.S. 15A-1340.4(e) is permissive rather than mandatory. It provides that prior convictions "may" be proved by stipulation or by original or certified copy of the court record, not that they must be. The statute thus does not preclude other methods of proof.

Defendant neither objected to this method of admitting his record nor challenged in any way the accuracy of the record as read. He did not deny that he is the person named therein. He did not seek, as G.S. 15A-1340.4(e) permits, to have the record excluded on the ground that he was indigent and unrepresented by counsel when his prior convictions were obtained. Under these

circumstances it was not error to permit the reading of the record into evidence.

II.

[2] The court found, as a factor in aggravation, that defendant had a prior record of convictions; and, as a factor in mitigation, that defendant had aided in the apprehension of other individuals involved. It then found that the factors in aggravation outweighed the factors in mitigation, and it entered sentences in excess of the presumptive. *See* G.S. 14-54(a); G.S. 15A-1340.4(f)(6). Defendant contends the finding that the factors in aggravation outweighed the factors in mitigation was error.

This Court has stated:

> The fair sentencing act did not remove, nor did it intend to remove, all discretion from the sentencing judge. Judges still have discretion to increase or reduce sentences from the presumptive term upon findings of aggravating or mitigating factors, *the weighing of which is a matter within their sound discretion.* Thus, upon a finding by the preponderance of the evidence that aggravating factors outweigh mitigating factors, the question of whether to increase the sentence above the presumptive term, and if so, to what extent, remains within the trial judge's discretion.

> The discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. . . . *The number of factors found is only one consideration in determining which factors outweigh others.* Although the court is required to consider all statutory factors to some degree, *it may very properly emphasize one factor more than another in a particular case.* N.C. Gen. Stat. 15A-1340.4(a). The balance struck by the trial judge will not be disturbed if there is support in the record for his determination.

*State v. Davis,* 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661 (1982) (emphasis supplied).

The fact that the court here found an equal number of aggravating and mitigating factors thus is not determinative. The finding that the sole factor in aggravation outweighed the sole factor in mitigation was in the court's discretion. Defendant's

record of prior offenses, which we have held was properly admitted, showed four previous convictions for breaking and entering. The record thus supports the determination that the factor in aggravation outweighed the factor in mitigation. Under these circumstances "[t]he balance struck by the trial judge will not be disturbed." *Id.*

## III.

**[3]** Defendant further contends the court erred in failing to consider that he voluntarily acknowledged wrongdoing at an early stage of the criminal process. *See* G.S. 15A-1340.4(a)(2)(1).

Here, as in *Davis, supra,* "defendant did not object at the sentencing hearing to any of the findings of fact, nor did he tender any proposed findings of fact to the trial court." *Davis,* 58 N.C. App. at 334, 293 S.E. 2d at 661. The following from *Davis* is thus equally applicable here:

> There is nothing in the record to indicate that the court failed to consider any of the statutory factors. Although the trial judge is required to consider all of the statutory aggravating and mitigating factors, he is only required to set out in the judgment the factors that he determines by the preponderance of the evidence are present. He is not required to list in the judgment statutory factors that he considered and rejected as being unsupported by the preponderance of the evidence.

*Davis,* 58 N.C. App. at 334, 293 S.E. 2d at 661. We follow *Davis,* then, by holding that on the evidence in the record here defendant has failed to show any abuse of discretion by the trial court in failing to make the finding of which he now complains for the first time.

## IV.

**[4]** Defendant finally contends that because one of the charges related to an offense committed prior to the effective date of the Fair Sentencing Act, the court erred in sentencing him thereon as a Class H felon as provided in that Act. The record does not indicate, however, that the sentence was entered under a misapprehension of the applicable law. The eight year sentence imposed was within the ten year maximum allowed when the of-

fense was committed. *See* G.S. 14-2, -54(a) (1969 Replacement). The then applicable case law provided that the character and extent of the punishment imposed was in the discretion of the trial court, subject to review only in case of manifest and gross abuse, so long as the sentence was within the limits permitted by law. *State v. Stansbury,* 230 N.C. 589, 591, 55 S.E. 2d 185, 187 (1949); *State v. Sudderth,* 184 N.C. 753, 756, 114 S.E. 828, 830 (1922); *State v. Hodge,* 27 N.C. App. 502, 506, 219 S.E. 2d 568, 571 (1975).

Absent record disclosure that the sentence was entered under a misapprehension of applicable law, then, we review only for manifest and gross abuse of discretion. Because the sentence was within the maximum allowed at the time of the offense, and in light of defendant's record of four prior convictions for offenses similar to those here, no manifest and gross abuse of discretion appears.

The record does not disclose prejudicial error in the sentencing hearing. The judgments are therefore

Affirmed.

Judges VAUGHN and WELLS concur.