STATE OF NORTH CAROLINA v. SCOTT J. GRAHAM

No. 821SC619

(Filed 15 March 1983)

1. **Criminal Law § 138— mitigating factor—acknowledgment of wrongdoing at early stage of process**
   The trial court erred in failing to find as a mitigating factor that defendant voluntarily acknowledged wrongdoing in connection with the offenses to a law enforcement officer at an early stage of the criminal process where the uncontroverted evidence showed that, while defendant denied involvement in the

crimes prior to his arrest, he voluntarily acknowledged wrongdoing in each of the cases while he was being transported to the patrol station immediately after his arrest. G.S. 15A-1340.4(a)(2)l.

**2. Criminal Law § 138— sentencing hearing—prior convictions—evidence other than stipulation or court records**

Prior convictions could be proved at a sentencing hearing by methods other than a stipulation or court records, and the trial court properly considered defendant's prior convictions as an aggravating factor upon the basis of a deputy's testimony as to what he had learned about defendant's prior convictions from others. G.S. 15A-1340.4(a)(1)o.

Chief Judge VAUGHN dissenting.

APPEAL by defendant from *Winberry, Judge.* Judgment entered 25 January 1982 in DARE County Superior Court. Heard in the Court of Appeals 10 January 1983.

Defendant pled guilty to four counts of felonious breaking or entering of beach cottages. At the sentencing hearing, the State presented the testimony of the arresting officer, Deputy Sheriff Eck. Eck testified as to the circumstances of defendant's arrest and defendant's prior criminal record. Stating that he had considered all the statutory factors in aggravation and mitigation, the trial judge found as an aggravating factor that defendant had prior convictions punishable by more than 60 days confinement. He made no findings of factors in mitigation. Upon finding that the factors in aggravation outweighed the factors in mitigation, the trial judge sentenced defendant to four five-year terms, to be served consecutively. The presumptive sentence for felonious breaking or entering is three years. The maximum is ten years. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney K. Michele Allison, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James H. Gold, for defendant.*

WELLS, Judge.

[1] In his brief, defendant contends that the trial judge erred in failing to find as a factor in mitigation that defendant voluntarily acknowledged wrongdoing in connection with the offenses to a law enforcement officer at an early stage of the criminal process.

Deputy Eck testified that he interviewed defendant twice while investigating the crimes and that defendant denied being involved with any wrongdoing. Thereafter, defendant was arrested and, while being transported to the patrol station, defendant admitted to the officer that he broke into all four homes and stole items from them and volunteered to return stolen property that had not yet been recovered. With defendant's aid, some of the stolen property was recovered.

G.S. 15A-1340.4(a) provides that the trial judge must consider each of the enumerated aggravating and mitigating factors. *See also, State v. Davis,* 58 N.C. App. 330, 293 S.E. 2d 658, *disc. rev. denied,* 306 N.C. 745, 295 S.E. 2d 482 (1982). G.S. 15A-1340.4(a)(2)l. provides that one of the mitigating factors that must be considered is whether "[p]rior to arrest *or at an early stage of the criminal process,* the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer." (Emphasis added.) This part of the statute makes it clear that a criminal defendant has two opportunities to mitigate the sentence that he might be given on a guilty plea or verdict: first, prior to arrest; second, at an early stage of the criminal process. While the evidence in the present case showed that prior to arrest defendant denied involvement with the crimes, the uncontroverted evidence for the State also clearly showed that immediately after his arrest defendant voluntarily acknowledged wrongdoing in each of the cases involved. Thus, the fact that prior to his arrest a defendant denied wrongdoing does not take away the requirement that the trial judge must consider also whether the defendant voluntarily acknowledged wrongdoing "at an early stage of the criminal process." It is implicit in the statute that, for purposes of G.S. 15A-1340.4(a)(2)l., the legislature contemplated that "the criminal process" involves formal legal proceedings and not merely investigation of crimes by law enforcement officers. For purposes of the statute, "the criminal process" is not commenced until the defendant either is arrested, is served with criminal process, waives indictment or is both indicted and has actual notice of the fact of his indictment. We find support for this conclusion in G.S. 15A-701, *et seq.,* the Speedy Trial Act, and G.S. 15A-932 which allows pending proceedings to be dismissed with leave when the defendant fails to appear and cannot be readily found.

Where, as in the present case, the State's own unequivocal evidence clearly establishes the existence of a factor in mitigation which the legislature has included among those which must be considered, it is error for the trial judge to fail to find that factor. We are careful to note that our decision in this case must be distinguished from *State v. Davis, supra,* where this Court held that it was not error to fail to find mitigating factors where the existence of those factors may not have been established by a preponderance of the evidence. In the present case, there being no evidence to the contrary, the mitigating factor was clearly established and we can only conclude that the trial judge either misconstrued the words "criminal process" or that he altogether failed to consider the mitigating factor. While the weighing of the aggravating and mitigating factors is to be left solely to the sound discretion of the trial judge, *State v. Davis, supra,* the balancing process cannot be properly completed if the trial judge fails to consider a factor listed in G.S. 15A-1340(a) which has been established by the evidence.

[2] Defendant also contends that the trial court improperly considered defendant's prior convictions as a factor in aggravation. *See* G.S. 15A-1340.4(a)(1)o.

Deputy Sheriff Eck was allowed, over defendant's objection, to testify as to what he had learned about defendant's record of prior convictions. The record makes it clear that Eck was not referring to or using court records, but was basing his testimony on information he had received from others.

G.S. 15A-1340.4(e), in pertinent part, provides that "A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction." Defendant contends that the methods referred to in the statute are the exclusive means by which prior convictions may be shown at a sentencing hearing. We reject this contention. Formal rules of evidence do not apply at sentencing hearings. G.S. 15A-1334(b). The means of proof set out in G.S. 15A-1340.4(e) are permissive, not mandatory or exclusive. *See State v. Massey,* 59 N.C. App. 704, 298 S.E. 2d 63 (1982) and *State v. Thompson,* 60 N.C. App. 679, 300 S.E. 2d 29 (1983). We hold that it was not improper for the trial court to hear and consider the evidence given by Deputy Eck. Defendant, of course, was entitled to rebut such

testimony, and we note that the record indicates defendant's counsel did in fact attempt to clarify defendant's record after Deputy Eck's testimony was allowed.

For the reasons stated, defendant's sentences are vacated and these cases are remanded for proper sentencing.

Vacated and remanded.

Judge BRASWELL concurs.

Chief Judge VAUGHN dissents.

Chief Judge VAUGHN dissenting.

In my view, the "criminal process" in this case began when the officers proceeded to investigate this defendant's criminal activities. It was for the judge to determine the extent of defendant's cooperation and whether it came at such a time as to compel him to find any cooperation by defendant as a mitigating factor.