STATE OF NORTH CAROLINA v. NATHANIEL SALTERS

No. 8214SC1364

(Filed 15 November 1983)

1. **Burglary and Unlawful Breakings § 5.6— felonious breaking or entering—sufficiency of evidence—sufficient evidence of larceny**

The evidence was sufficient to support a charge of felonious breaking or entering of a vacant apartment even though the evidence of defendant's intent to commit larceny was circumstantial where the evidence tended to show that defendant was apprehended after attempting to flee a vacant apartment to which officers had been called to investigate; a stove and refrigerator of the apartment were found in the living room; a bag and some tools were found on the floor; wood chips were observed around the door as well as damage to the door around the lock; and a rental agent for the apartment indicated that the apartment was equipped with a stove and refrigerator.

2. **Criminal Law § 138— cooperation with police—failure to find as mitigating factor—no abuse of discretion**

There was no abuse of discretion by the trial judge in failing to find as a mitigating factor that defendant cooperated with the police in disclosing the name of his unapprehended accomplice and the location of their van since the individual named by defendant did not fit the description by an eyewitness and no one was apprehended as the result of defendant's information. G.S. 15A-1340.4(a)(2)(h).

3. **Criminal Law § 138— failure to consider alcoholism and impaired vision as mitigating factors—no link between condition and culpability—no error**

A trial judge was not required to consider as mitigating factors that defendant was an alcoholic and that defendant suffered from glaucoma which

State v. Salters

significantly impaired his vision where defendant failed to establish the essential link between defendant's condition and his culpability for the offense charged. G.S. 15A-1340.4(a)(2)d.

**4. Criminal Law § 138— Fair Sentencing Act—sentence within discretion of judge**

In a prosecution for felonious breaking or entering, the trial court did not abuse its discretion by imposing an eight year sentence even though the sole aggravating factor found was defendant's prior convictions since no mitigating factor was found and since except for maximum sentence limitations in G.S. 14-1.1, the severity of a sentence imposed pursuant to the Fair Sentencing Act, insofar as it is based on a weighing of aggravating and mitigating factors, is within the discretion of the judge. G.S. 14-1.1(a)(8); G.S. 14-54(a) and G.S. 15A-1340.4(e).

APPEAL by defendant from *Preston, Judge.* Judgment entered 29 July 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 22 September 1983.

Defendant was charged with the offenses of felonious breaking or entering, attempted larceny, and possession of housebreaking implements. He was convicted of felonious breaking or entering, the other charges having been dismissed at the close of the State's evidence.

Evidence presented by the State at trial tended to show the following:

On the evening of 7 April 1982, the Durham Police Department received a call from a person who reported a possible break-in in progress at a vacant neighboring apartment. Two officers responded to the call and, after speaking with the complainant, approached the apartment in question. One officer observed two men in the apartment through a rear window and started around to the front. The other officer, with the aid of a flashlight, observed two men through a front window, whereupon the men fled. They were observed leaving the apartment through a rear window by the first officer, who had returned to the back. The officer apprehended one of the men, defendant Nathaniel Salters. The other person eluded the officers and was not apprehended.

After the arrest, one officer entered the apartment and found a stove and refrigerator in the living room. He also found a bag and some tools on the floor. He observed wood chips around the door and damage to the door around the lock. The rental agent

for the apartment indicated that the apartment was equipped with a stove and refrigerator and that maintenance personnel had had access to the apartment while it was vacant. The State was not able to prove that the stove and refrigerator had been moved by defendant or his alleged accomplice.

Defendant presented no evidence but renewed his motion to dismiss as to the remaining felonious breaking or entering charge. The motion was denied and the jury returned a verdict of guilty. Defendant made a motion for appropriate relief which was denied.

From judgment and sentence entered on the verdict, defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*M. Lynette Hartsell for defendant appellant.*

EAGLES, Judge.

[1] Defendant contends that it was error for the court to deny his motion to dismiss as to the charge of felonious breaking or entering. Defendant argues that the evidence was insufficient to support a charge of felonious breaking or entering. Specifically, defendant asserts that the circumstantial evidence presented by the State fails to establish sufficiently the larcenous intent necessary to support the charge.

In a motion to dismiss, the question presented is whether the evidence is legally sufficient to support a verdict of guilty on the offense charged, thereby warranting submission of the charge to the jury. *State v. Cooper,* 275 N.C. 283, 167 S.E. 2d 266 (1969). In order to withstand a motion to dismiss, the State's evidence as to each element of the offense charged must be substantial. *State v. Irwin,* 304 N.C. 93, 282 S.E. 2d 439 (1981); *State v. Smith,* 40 N.C. App. 72, 252 S.E. 2d 535 (1979). Substantial evidence in this context means more than a scintilla. *Id.; see State v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920, 156 A.L.R. 625 (1944) *cert. denied sub nom. Weinstein v. State,* 324 U.S. 849, 65 S.Ct. 689, 89 L.Ed. 1410 (1945) (same test in motion for nonsuit). The evidence, considered in the light most favorable to the State and indulging every in-

ference in favor of the State, must be such that a jury could reasonably find the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560, *reh. denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed. 2d 126 (1979); *State v. Jones,* 303 N.C. 500, 279 S.E. 2d 835 (1981). "The test of the sufficiency is the same whether the evidence is circumstantial or direct, or both." *State v. Jones, supra* at 504, 279 S.E. 2d at 838.

The intent required to support a charge of felonious breaking or entering is the intent to commit a felony of larceny in the premises unlawfully entered. G.S. 14-54(a). Evidence tending to show an unexplained breaking or entering into a dwelling at night, accompanied by flight when discovered, is sufficient under the law to support the inference that the breaking or entering was done with the intent to steal or commit a felony. *State v. Accor,* 277 N.C. 65, 175 S.E. 2d 583 (1970); *State v. McBryde,* 97 N.C. 393, 1 S.E. 925 (1887); *State v. Hill,* 38 N.C. App. 75, 247 S.E. 2d 295 (1978). The intent inferred is sufficient under the law to support a charge of felonious breaking or entering and warrant its submission to the jury. *State v. Hill, supra. See generally* 4 N.C. Index 3d, Criminal Law, §§ 104-106.2 (1976).

Here, the evidence of defendant's intent to commit larceny is circumstantial. In the absence of a confession or completion of the intended offense, intent is most often proven by circumstantial evidence. Defendant notes that usually cases in which intent is inferred from circumstantial evidence involve stores or occupied dwellings and arguably provide a stronger basis for inferring intent. While the premises involved in this case was a vacant apartment, the distinction is not significant. Defendant's intent at the time of the breaking or entering is the essential element. *State v. Hill, supra.* The record here shows sufficient evidence to support an inference that defendant had the requisite intent, regardless of whether he was able to carry it out. Defendant's contention is without merit.

Upon conviction of felonious breaking or entering, a class H felony, defendant was sentenced to a term of eight years imprisonment. Under the Fair Sentencing Act, a class H felony carries a presumptive prison term of three years. Where, as here, the sentence imposed exceeds the presumptive term, the Fair Sentencing Act imposes the following requirement:

[T]he judge must specifically list in the record each matter in aggravation or mitigation that he finds proved by a preponderance of the evidence. If he imposes a prison term that exceeds the presumptive term, then he must find that the factors in aggravation outweigh the factors in mitigation,
. . . .

G.S. 15A-1340.4(b). The judgment here shows the following findings, as required by the Fair Sentencing Act: (1) that defendant's prior record of criminal convictions was an aggravating factor, (2) that there were no mitigating factors, (3) that the factors found were supported by a preponderance of the evidence, and (4) that the factors in aggravation outweighed the factors in mitigation.

[2] Defendant assigns as error the sentencing judge's failure to find and consider several statutory mitigating factors which defendant contends were proven by a preponderance of the evidence. Specifically, defendant contends that his cooperation with the police in disclosing the name of his unapprehended accomplice and the location of their van should have been considered by the judge as a mitigating factor within the scope of G.S. 15A-1340.4(a)(2)(h):

"The defendant aided in the apprehension of another felon or testified truthfully on behalf of the prosecution in another prosecution of a felony."

In support of his contention, defendant relies on a statement made by the district attorney at the sentencing hearing. The district attorney noted to the court that the defendant had provided the police with the name of an individual that he alleged to be his accomplice and that defendant had disclosed the location of the van. The individual named by defendant, however, did not fit the description given by an eyewitness and no one was apprehended as a result of defendant's information. Defendant did not testify on behalf of the State in any other felony prosecution. This alleged cooperation by defendant was not a factor required to be considered in mitigation of the sentence.

Under the statute, the judge *may* consider non-statutory factors in mitigation if they are supported by a preponderance of the evidence and are reasonably related to the purposes of sentencing. *State v. Aaron Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983); *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983);

*State v. Teague*, 60 N.C. App. 755, 300 S.E. 2d 7 (1983). The judge in the instant case, if he found that defendant's conduct was cooperative, though not sufficient to fit within G.S. 15A-1340.4(a)(2)(h), could have considered it as a factor in mitigation of his sentence. In electing not to do so, the judge acted properly and did not abuse his discretion. Defendant's contention is therefore without merit.

[3] Defendant also contends that the trial court should have considered defendant's alcoholism and impaired vision (glaucoma) as factors in mitigation of his sentence. The State responds that it is "not clear" that the existence of these conditions is supported by a preponderance of the evidence and that their relation to the purposes of sentencing is likewise "not clear." The State has cited no pertinent authority in support of its position.

G.S. 15A-1340.4(a)(2)(d) includes the following mitigating factor:

(d) "The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense."

Uncontradicted testimony at the sentencing phase of defendant's trial shows that defendant was an alcoholic and did suffer from glaucoma, which significantly impaired his vision. The judge recommended that defendant be treated for these problems, indicating that the testimony was credible. However, defendant did not allege or prove that either of his afflictions in any way reduced his culpability for the offense of felonious breaking or entering.

While a mental or physical condition, such as alcoholism, may be capable of reducing a defendant's culpability for an offense, *see State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983), evidence that the condition exists, without more, does not mandate consideration as a mitigating factor. Defendant has the burden of proof with respect to any alleged mitigating factors. *State v. Aaron Jones, supra.* Here, defendant has failed to establish the essential link between defendant's condition and his culpability for the offense. We hold that the judge was not required to consider either condition as a mitigating factor in this case. *State v. Aaron Jones, State v. Melton, State v. Teague,* all *supra.*

[4]    Defendant also assigns as error the imposition of the eight year sentence. Defendant contends that the sole aggravating factor found, his prior convictions, is not sufficient to support the imposition of a sentence five years in excess of the presumptive term. The maximum allowable term for a conviction of felonious breaking or entering is ten years. G.S. 14-1.1(a)(8); G.S. 14-54(a). In support of this contention, defendant cites *State v. Massey,* 59 N.C. App. 704, 298 S.E. 2d 63 (1982), in which the defendant was convicted of felonious breaking or entering and sentenced to a prison term of eight years. In *Massey,* the sole aggravating factor was a prior criminal record more extensive than defendant's record here. Defendant argues that, because the record in *Massey* was more "egregious," the sentence here should be less severe. We disagree.

*Massey* is distinguishable from the present case on the grounds that the court there found and considered a mitigating factor. No mitigating factor exists here. However, even if *Massey* were factually indistinguishable from the present case, it would not control the decision here. It is already well established that the weight attached to particular aggravating or mitigating circumstances in a case is within the discretion of the trial judge. *State v. Melton, State v. Massey,* both *supra; State v. Davis,* 58 N.C. App. 330, 293 S.E. 2d 658, *rev. denied,* 306 N.C. 745, 295 S.E. 2d 482 (1982). The eight year sentence imposed was within the ten year maximum allowed under the statute. Defendant's criminal record was properly in evidence. *See State v. Massey, supra* (statutory method of proving prior convictions permissive rather than mandatory), *see also* 15A-1340.4(e). The judge properly found that this aggravating circumstance, in the absence of any factor in mitigation, warranted the imposition of a term that exceeded the presumptive. Except for maximum sentence limitations in G.S. 14-1.1, the severity of a sentence imposed pursuant to the Fair Sentencing Act, insofar as it is based on a weighing of aggravating and mitigating factors, is within the discretion of the judge. Here, there is no abuse of discretion.

Defendant's final argument is that the circumstances of the sentencing hearing show unfair prejudice and an abuse of discretion by the trial judge. This argument depends entirely on the specific points already brought forward. Accordingly, we find no

merit to the argument and overrule defendant's assignments of error in this regard.

In the trial below, we find

No error.

Judges ARNOLD and WELLS concur.