STATE OF NORTH CAROLINA v. LARRY E. SMITH

No. 8318SC373

(Filed 6 December 1983)

**1. Criminal Law § 138— failure to find mitigating factor—issue raised for first time on appeal**

Where the court's failure to find a mitigating factor is raised for the first time on appeal, the appellate court will find error only on a showing that the trial court abused its discretion.

**2. Criminal Law § 138— mitigating factor—uncontradicted evidence**

Where the evidence supporting a mitigating factor is uncontradicted and of manifest credibility, the court's failure to find the existence of such factor is error.

**3. Criminal Law § 138— mitigating factor—burden of proof**

In determining whether the evidence compels a finding of the existence of a particular mitigating factor, the defendant bears the burden of showing that the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn and that the credibility of the evidence is manifest as a matter of law.

**4. Criminal Law § 138— duress or compulsion mitigating factor—economic necessity**

Even if economic necessity could constitute the "duress or compulsion" mitigating circumstance under G.S. 15A-1340.4(a)(2)(b), defendant's evidence did not compel the trial court to find such mitigating circumstance where it tended to show that defendant committed the crime of felonious breaking and entering because his status as a prison escapee made it difficult for him to find employment and that his crime was an attempt to do something on his family's behalf.

**5. Criminal Law § 138— prior convictions as aggravating factor—absence of findings as to indigency and counsel**

The trial judge did not err in considering defendant's prior convictions as an aggravating factor in imposing sentence without making findings concerning defendant's indigency and representation by counsel at the time of his prior convictions.

APPEAL by defendant from *Freeman, Judge*. Judgment entered 2 December 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 29 November 1983.

Defendant was charged in a proper bill of indictment with felonious breaking or entering and felonious larceny. Pursuant to a plea arrangement, the defendant pleaded guilty to felonious breaking or entering and the State took a voluntary dismissal on the larceny charge. Following a sentencing hearing, the court found the following aggravating factor: "[t]he defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement." The court found no mitigating factors. Upon finding that the factors in aggravation outweighed the factors in mitigation the court imposed a sentence, greater than the presumptive term, of four years. Pursuant to N.C. Gen. Stat. Sec. 15A-1444(a1) defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney William H. Borden, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James H. Gold, for the defendant, appellant.*

HEDRICK, Judge.

[1-3] Defendant first assigns error to "the trial court's failure to find as a mitigating factor that the defendant committed the offense under duress or compulsion which significantly reduced his culpability." We note that defendant neither objected to the court's findings of fact nor tendered proposed findings of fact to the court. Where the court's failure to find a mitigating factor is raised for the first time on appeal, this Court will find error only on a showing that the trial court abused its discretion. *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). Where the evidence supporting a mitigating factor is uncontradicted and of manifest credibility, however, the court's failure to find the existence of such factor is error. *State v. Graham*, 61 N.C. App. 271, 300 S.E. 2d 716 (1983). In determining whether the evidence compels a finding of the existence of a particular mitigating factor, the defendant bears the burden of showing that " 'the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn,' and that the credibility of the evidence 'is manifest as a

matter of law.' " *State v. Jones*, 309 N.C. 214, 220, 306 S.E. 2d 451, 455 (1983) (quoting *Bank v. Burnette*, 297 N.C. 524, 536, 256 S.E. 2d 388, 395 (1979) ).

[4]  In the instant case, defendant contends that uncontroverted evidence established that his crime was motivated by economic necessity, and that this is equivalent to "duress or compulsion" under N.C. Gen. Stat. Sec. 15A-1340.4(a)(2)(b). Assuming *arguendo* that economic necessity could under any circumstances amount to "duress or compulsion" under the statute, it is clear that the evidence of economic necessity proffered by defendant falls far short of so clearly establishing duress "that no reasonable inferences to the contrary can be drawn." Nor can it be said that the credibility of defendant's evidence "is manifest as a matter of law." Indeed, the only evidence pertaining to defendant's reasons for breaking and entering derives from his testimony that he encountered difficulty in finding employment because of his status as a prison escapee, and that his crime was an attempt "to do something on [his family's] behalf." Defendant's contentions in this regard border on the frivolous.

[5]  Defendant next assigns as error the trial court's finding as an aggravating factor that defendant had prior convictions punishable by more than sixty days imprisonment. Defendant contends that there was no evidence, and that the judge made no finding, about defendant's indigency or representation by counsel at the time of his prior convictions. This assignment of error is without merit under the recent decision of our Supreme Court in *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983).

Affirmed.

Judges BRASWELL and EAGLES concur.