State v. Cook

STATE OF NORTH CAROLINA v. GARY G. COOK

No. 8323SC217

(Filed 20 December 1983)

**1. Criminal Law § 99.3— court's remark not expression of opinion**

In an attempted robbery case in which the court stated that an officer's testimony "will be received for the corroboration of a prior witness, if it does, and if it doesn't the court will rule it out," failure of the trial judge thereafter to mention the testimony or to instruct that it was for the jury to decide whether the testimony was corroborative did not amount to an endorsement of the testimony as corroborative in violation of G.S. 15A-1222.

**2. Criminal Law § 138— aggravating circumstance—prior conviction—statement by counsel**

A statement by defense counsel that defendant was then serving a nine-year sentence because of a conviction in Forsyth County was sufficient to support the court's finding as an aggravating factor that defendant had a prior conviction punishable by more than 60 days' confinement. G.S. 15A-1340.4(e).

APPEAL by defendant from *Mills, Judge.* Judgment entered 26 August 1982 in Superior Court, YADKIN County. Heard in the Court of Appeals 26 October 1983.

Defendant was found guilty of attempted robbery with a dangerous weapon and sentenced to prison for a term of twenty years. The State's evidence tended to show that: Defendant went to the home of Robert Munday, a 71-year-old retiree, and asked to borrow money, which Munday said he didn't have; while there defendant moved a pillow on the bed, saw a gun under it, grabbed it, pointed it at Munday, and told him he would shoot if the loan wasn't received; Munday grabbed defendant, took the gun away from him, and ran him off; a few minutes later defendant returned with a pipe wrench in his hand, whereupon Munday got his shotgun and ran him off again. Two weeks or so later, Mitchell Davis, a deputy sheriff, heard about the incident, questioned Munday, and defendant was arrested.

*Attorney General Edmisten, by Special Deputy Attorney General Jo Anne Sanford, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Ann B. Peterson, for defendant appellant.*

PHILLIPS, Judge.

Two acts by the trial judge are asserted as error — one a comment in regard to certain corroborating testimony, the other imposing a longer sentence than the presumptive one for the offense involved. Neither amounted to legal error in our opinion.

[1]   When the deputy sheriff undertook to testify to Munday's statement to him about the incident involved, the defendant objected and the trial judge stated: "[T]his will be received for the corroboration of the prior witness, if it does, and if it doesn't the court will rule it out." Thereafter, the judge made no allusion at all to the testimony that was given, which did tend to corroborate the previous witness, Munday. The defendant contends that the judge's silence amounted to an endorsement of the testimony as corroborative, contrary to G.S. 15A-1222, and that as a consequence defendant is entitled to a new trial. In our view it was a harmless oversight that had no perceptible effect, adverse or otherwise, on the verdict that the jury arrived at.

Under our law a witness can be corroborated by testimony as to prior consistent statements even though the witness has not been impeached. *State v. Perry,* 298 N.C. 502, 259 S.E. 2d 496 (1979); 1 Brandis N.C. Evidence § 51 (2d ed. 1982). When the testimony was offered it was not known whether Munday's statements to the officer were consistent with his testimony, and the trial judge's remark was but in recognition of his duty to exclude the testimony if the statements were not consistent. *State v. Bagley,* 229 N.C. 723, 51 S.E. 2d 298 (1949). Though after the testimony was received the better practice certainly would have been to instruct the jury that whether it was corroborative was for them to decide, the failure to do so did not prejudice the defendant in our opinion. While under some circumstances silence can, indeed, be equivalent to speech, as defendant contends, not every unapt statement by a judge during the course of trial entitles the defendant to a new trial. A new trial is required only when the judge's remarks prejudice the defendant. *State v. Faircloth,* 297 N.C. 388, 255 S.E. 2d 366 (1979). In the setting that existed below, with the testimony being clearly and indisputably corroborative, and with the jurors knowing from the court's general instructions that they were the sole triers of fact, we do

not perceive that the verdict was affected by either the judge's remarks or his silence.

[2]   Under G.S. 15A-1340.4(f) the presumptive sentence for the Class D felony that defendant was convicted of is twelve years. In imposing a sentence of twenty years, the judge relied upon a finding that defendant had a prior conviction punishable by more than sixty days confinement. Defendant contends that the prior conviction finding was based only upon the prosecutor's oral statement and was therefore improper under G.S. 15A-1340.4(e), which states:

> A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction.

The record reveals, however, that during the sentencing hearing, defendant's attorney stated that defendant was then serving a nine-year sentence because of a conviction in Forsyth County. In our judgment, this statement by counsel was binding on defendant as a stipulation and no further proof of defendant's prior conviction was required. Furthermore, since it has been held that the methods of proof recited in G.S. 15A-1340.4(e) are not exclusive and that a previous conviction can be proven in other ways, *State v. Massey*, 59 N.C. App. 704, 298 S.E. 2d 63 (1982), counsel's statement was proof enough of the fact involved, even if it was not a stipulation in the technical sense.

No error.

Judges WEBB and EAGLES concur.