State v. Sweigart

---

STATE OF NORTH CAROLINA v. STEVE SWEIGART

No. 844SC119

(Filed 20 November 1984)

1. **Criminal Law § 138.7— separate case before sentencing judge—testimony by defendant—dismissed charges**

    It was not error for the sentencing judge to hear testimony from defendant as a witness in another criminal case relating to charges against defendant which had been dismissed pursuant to a plea arrangement. G.S. 15A-1223(b).

2. **Criminal Law § 138— aggravating factor—armed with deadly weapon—sentence exceeding presumptive**

    The trial court properly found as an aggravating factor that defendant was armed with a deadly weapon at the time of a burglary where the evidence showed that defendant was armed with a butcher knife during commission of the crime, and the trial court properly imposed a sentence in excess of the presumptive term upon the basis of such finding. G.S. 15A-1340.4(a)(1)(i).

3. **Criminal Law § 138— early acknowledgment of wrongdoing—failure to find as mitigating factor**

    The trial court did not err in failing to find as a mitigating factor that defendant acknowledged wrongdoing to a law officer at an early stage of the criminal process where the State's evidence tended to show that defendant's confession came only after an initial denial of any wrongdoing and a subsequent confrontation by irrefutable evidence.

4. **Criminal Law § 138— limited mental capacity—alcohol and drug use—reduced culpability—failure to find as mitigating factor**

    Although there was evidence that defendant was of limited mental capacity at the time of his commission of a burglary, the trial court did not err in failing to find as a mitigating factor that defendant's limited capacity significantly reduced his culpability for the offense. Furthermore, the trial court did not err in failing to find that defendant's prior alcohol and drug abuse reduced his culpability for the crime. G.S. 15A-1340.4(a)(2)(d) and (e).

5. **Criminal Law § 138— exercise of caution to avoid bodily injury—mitigating factor—insufficient evidence**

    Evidence that, upon hearing voices in the home which he burglarized, defendant ran from the home and dropped or threw down the knife he was carrying did not require the trial court to find as a mitigating factor that defendant exercised caution to avoid serious bodily harm or fear. G.S. 15A-1340.4(a)(2)(j).

APPEAL by defendant from *Bruce, Judge*. Judgment entered 11 November 1983 in Superior Court, SAMPSON County. Heard in the Court of Appeals 28 September 1984.

Defendant was charged in warrants with first degree burglary and breaking, entering and larceny on 20 September 1983. Defendant made a full confession to deputies of the Sampson County Sheriff's Department and there entered into a plea arrangement wherein defendant could plead guilty to second degree burglary and all other charges would be dismissed. The plea arrangement did not deal with sentencing.

On 7 November 1983, defendant entered a plea of guilty to second degree burglary which was accepted by the Honorable R. Michael Bruce, judge presiding, after examination of defendant.

The trial court postponed defendant's sentencing until the conclusion of unrelated jury matters then pending before the court. The trial court also ordered a pre-sentence investigative report on the defendant to be prepared by the Department of Corrections.

Between the date on which defendant pleaded guilty to second degree burglary, 11 November 1983, and when he was actually sentenced, defendant was subpoenaed to testify in a criminal case heard before Judge Bruce. There defendant was cross examined as to matters relating to charges which had been dismissed pursuant to defendant's plea arrangement. Though the State was aware that defendant had court-appointed counsel, defendant's counsel was not informed that defendant was testifying until after the cross examination was completed.

Because defendant was subjected to cross examination about the dismissed charges in the absence of his court-appointed counsel and in the presence of the sentencing judge, defendant made a written motion to continue the sentencing hearing until the next term of criminal superior court in Sampson County. Defendant's motion was denied. At the sentencing hearing on 11 May 1983 the Honorable R. Michael Bruce, sentencing judge, found that there was one aggravating factor, that the defendant was armed with a deadly weapon at the time he committed the crime. The trial court considered evidence offered by defendant and found that there were no mitigating factors present. Finding that aggravating factors outweighed mitigating factors, the trial court sentenced defendant to 25 years in the custody of the Department of Corrections. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Holland, Poole and Holland, by R. M. Holland, Jr., for defendant-appellant.*

EAGLES, Judge.

I

[1] Defendant first assigns as error the trial court's denial of his motion to substitute the sentencing judge. We find no error.

At the outset, we note that no motion to disqualify pursuant to G.S. 15A-1223 appears in the record. Our examination of the record discloses that defendant filed a written motion to continue on 10 November 1983. The trial court, in its discretion, denied the continuance. In the index to the record on appeal, defendant refers to this motion as a motion to substitute sentencing judge but

on its face it does not appear to be a motion to substitute or disqualify the judge. Nevertheless, a judge must disqualify himself on his own motion or upon motion of the State or defendant if, for any reason, he is unable to perform the duties required of him in an impartial manner. G.S. 15A-1223(b).

Defendant argues that it is prejudicial error for a sentencing judge to hear testimony from a defendant as a witness in a separate proceeding when defendant is thereafter to be sentenced by the same judge. We note that the sentencing judge would be entitled to hear the complained of information at defendant's sentencing hearing, notwithstanding the fact that the testimony related to charges that had been dismissed pursuant to a plea arrangement. G.S. 15A-1021 et seq. recognizes that the trial court is entitled to be fully informed of the terms of the plea arrangement and the reasons therefor. Defendant has failed to show that he was prejudiced by this assignment of error.

## II

[2] Defendant next assigns as error the trial court's finding that aggravating factors outweighed mitigating factors and the imposition of a sentence greater than the presumptive. We find no error.

G.S. 15A-1340.4(b) requires the trial court to specifically list in the record each matter found in aggravation or mitigation if the trial court imposes a sentence of imprisonment that differs from the presumptive term. Further, if the trial court imposes a sentence that exceeds the presumptive term, the trial court must find that the factors in aggravation outweigh the factors in mitigation. The trial court did so. The presumptive term of imprisonment for second degree burglary is 12 years. The defendant was sentenced to 25 years based on the trial court's finding that factors in aggravation outweighed factors in mitigation.

The aggravating factor found by the trial court was that defendant was armed with or used a deadly weapon at the time of the crime. G.S. 15A-1340.4(a)(1)(i). This aggravating factor is supported by competent evidence, i.e., that defendant was armed with a butcher knife during the commission of the crime to which he pleaded guilty.

## III

Defendant argues that he is entitled to be re-sentenced for failure of the trial court to find certain statutorily listed mitigating factors. We disagree.

The Fair Sentencing Act only requires that the trial court *consider* each of the statutorily listed factors in aggravation or mitigation. G.S. 15A-1340.4. Each of the factors in mitigation urged by defendant requires the trial court to exercise its judgment in weighing the evidence presented at the sentencing hearing to reach a factual conclusion. The trial court is not required to list in the judgment statutory factors that it *considers* and rejects as being insufficiently unsupported, i.e., not supported by a preponderance of the evidence. *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *cert. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982).

[3] Defendant urges that the trial court should have found the following four factors in mitigation:

(1) At an early stage of the criminal process, defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer. G.S. 15A-1340.4(a)(2)(l).

As a basis for this mitigating factor, defendant argues that he made an oral confession which was later reduced to writing. However, State's evidence tends to show that defendant's confession came only after an initial denial of any wrongdoing and subsequent confrontation by irrefutable evidence. This factual situation is distinguishable from *State v. Graham*, 61 N.C. App. 271, 300 S.E. 2d 716, *modified and aff'd*, 309 N.C. 587, 308 S.E. 2d 311 (1983) cited and relied on by defendant. In *Graham* the evidence was clear and uncontroverted as to the voluntary nature of the confession. Here the State's evidence tends to show that the defendant confessed only after finding that law enforcement officers had strong evidence against him. Defendant's initial denial of wrongdoing does not comport with his argument that he voluntarily acknowledged wrongdoing at an early stage. We find no error in the court's failure to find this mitigating factor.

(2) The defendant's immaturity or his limited mental capacity at the time of the commission of the offense significantly reduced his culpability for the offense. G.S. 15A-1340.4(a)(2)(e), and

(3) The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense. G.S. 15A-1340.4(a)(2)(d).

[4]  The basis for defendant's argument as to these mitigating factors is a report by Dr. Rollins of Dorothea Dix Hospital in Raleigh. Dr. Rollins examined defendant and found that he possessed a reading grade level of 5.2 and a score of 64 on the Slosson Intelligence Test. The diagnosis of defendant was that he had borderline intelligence. Defendant contends that this diagnosis shows that he was of limited mental capacity at the time of the commission of the offense. We agree that there was evidence of limited mental capacity. However, G.S. 15A-1340.4 (a)(2)(e) requires the limited mental capacity to exist in such a degree that it "significantly reduced . . . [the defendant's] *culpability* for the offense." [Emphasis added.] This is a factual determination to be made by the trial court. Based on the record before us, we cannot say that the trial court erred in failing to find that the defendant's limited mental capacity "significantly reduced . . . [the defendant's] culpability for the offense."

Evidence tended to show that defendant had a long history of alcohol and drug abuse. Whether this condition of alcohol and drug abuse "significantly reduced . . . [the defendant's] *culpability* for the offense," [emphasis added], was a factual issue for the trial court. Weighing the evidence, the trial court could properly conclude that defendant's physical condition did not significantly reduce defendant's culpability. Whether a defendant's condition as a long term alcohol and drug abuser reduces his culpability must be determined on a case by case basis. Defendant has failed to show that his prior alcohol and drug abuse reduced his culpability in any manner.

(4) The defendant could not reasonably foresee that his conduct would cause or threaten serious bodily harm or fear, or the defendant exercised caution to avoid such consequences. G.S. 15A-1340.4(a)(2)(j).

[5]  Defendant urges that the State's own evidence shows that upon hearing voices in the home, defendant turned and ran from the house either dropping or throwing down the knife he was car-

rying. Defendant urges that these actions show "caution to avoid injury or harm to anyone." We disagree.

Breaking into an occupied dwelling and being armed with a knife is not exercising caution to avoid injury and harm to those occupants who might discover defendant wrongfully in their home. G.S. 15A-1340.4(a)(2)(j) requires the trial court to determine whether defendant could have *not reasonably foreseen* certain consequences of his conduct, and whether defendant *exercised caution* to avoid those consequences. Based on the facts in this case, the trial court could find that defendant could have reasonably foreseen that his conduct in entering the dwelling with a butcher knife would at least threaten serious bodily harm or fear. We hold that the trial court here fully complied with the Fair Sentencing Act.

For the reasons herein stated, we find no error.

Affirmed.

Judges WEBB and BRASWELL concur.