STATE OF NORTH CAROLINA v. WILLIE GENE McLEAN, JR.

No. 8620SC595

(Filed 25 November 1986)

1. **Criminal Law § 66.9— photographic identification—array unduly suggestive— no substantial likelihood of misidentification**

A photographic array used to identify defendant as an armed robber was suggestive where the robber was described by the witness as a black man with a light complexion and defendant was the only light complexioned black in the array, a feature which was emphasized by the overexposure of defendant's photograph. However, there was not a substantial likelihood of misidentification because defendant was in the motel lobby where the robbery occurred for about a minute; he had draped a yellow sweatshirt over his head, but hurriedly, so that it did not completely obscure his facial features; the lobby was well lit by bright fluorescent lighting; the witness looked intently at the robber because he could not understand what the robber was saying and was trying to read his lips; the witness accurately described defendant, except for his height, which the witness said was five feet four inches to five feet six inches, while defendant is closer to five feet; and the witness demonstrated ninety percent certainty of his identification at the photographic array.

**2. Criminal Law § 66.16— suggestive photographic identification—independent in-court identification**

An in-court identification of defendant as an armed robber was not tainted by suggestive photographic identification procedures.

**3. Criminal Law § 134.4— pending charges—committed youthful offender status denied—error**

Defendant was granted a new sentencing hearing for an armed robbery conviction where a comment by the judge suggested that defendant was denied committed youthful offender status based on pending charges for armed robbery and assault with a deadly weapon inflicting serious injury. N.C.G.S. § 148-49.14.

APPEAL by defendant from *Williams (Fred J.), Judge*. Judgment entered 24 July 1985 in Superior Court, MOORE County. Heard in the Court of Appeals 18 November 1986.

Defendant was convicted of armed robbery and sentenced to the mandatory minimum of fourteen years imprisonment. This Court granted defendant's petition for certiorari on 21 February 1986 to consider defendant's contentions related to the pre-trial identification procedures and to his sentencing.

On 13 December 1984, the EconoLodge Motel in Aberdeen was robbed by two men armed with handguns. The first man came in, brandished his gun and ordered the clerk, Kevin Kinlaw, to "open the drawer." As Kinlaw was getting cash out of the drawer, the second man came in. This man, also carrying a gun, had thrown a sweatshirt over his head in an attempt to cover his face. The second man ordered Kinlaw to open the safe. Kinlaw complied, handing the second man three bags of money from the safe. The two men then fled. The entire robbery lasted about ninety seconds, according to Kinlaw, and the second man was in the motel lobby for about forty-five seconds to a minute.

The police were called and Kinlaw described the robbers to them. He described the second man as a black man of light complexion and no facial hair. This man was short, approximately five feet, four to six inches tall, and he was wearing a yellow sweatshirt thrown over his head which hung down over his face and obscured his features. A few weeks after the robbery, Kinlaw picked defendant's picture out of an array of photographs and, two weeks after that, picked defendant at a live line-up, identifying him as the second robber.

At trial, defense counsel moved to suppress the evidence of the photographic array and the physical line-up, contending both were unnecessarily and impermissibly suggestive. Defense counsel also sought to prohibit any in-court identification of defendant by Kinlaw as being irreparably tainted by these suggestive procedures.

After a lengthy *voir dire*, the trial court granted defendant's motion to suppress the evidence of the physical line-up. As to the photographic array and the in-court identification, the motions were denied. Kinlaw was permitted to testify about the photo line-up and to make an in-court identification. On the strength of this evidence, defendant was convicted of robbery with a dangerous weapon.

At sentencing, the judge denied a motion by defense counsel to have defendant sentenced as a Committed Youthful Offender. Apparently, the basis for this denial was that defendant had charges pending against him for another armed robbery.

This Court granted defendant's petition for writ of certiorari on 21 February 1986 to consider the questions raised by the admission of evidence concerning the photographic array, the in-court identification and the denial of CYO status for defendant.

*Attorney General Lacy H. Thornburg by Special Deputy Attorney General Guy A. Hamlin for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt for defendant-appellant.*

PARKER, Judge.

[1]   Defendant first contends that the trial court erred in allowing the robbery victim, Kevin Kinlaw, and a police officer to testify concerning the identification by Kinlaw of defendant from a photographic line-up. Defendant argues that the photographic array was impermissibly suggestive, resulting in a "substantial likelihood of misidentification." *State v. Hannah,* 312 N.C. 286, 290, 322 S.E. 2d 148, 151 (1984). Impermissibly suggestive line-up procedures violate the due process rights of a defendant, and the usual remedy is to suppress the evidence of the array, and possibly to prohibit the witness from making an in-court identifica-

tion of the defendant. *See State v. Headen*, 295 N.C. 437, 245 S.E. 2d 706 (1978).

In analyzing claims of impermissibly suggestive pre-trial identification procedures, our courts apply a two-step process. *See Hannah, supra.* The first step is to determine whether the pre-trial identification procedure was, in fact, "suggestive." Only if the conclusion is that the procedure was tainted do we proceed to the second step. *State v. Leggett*, 305 N.C. 213, 287 S.E. 2d 832 (1982). The second question is whether, under all the circumstances, the tainted procedures "give rise to a very substantial likelihood of irreparable misidentification." *State v. Grimes*, 309 N.C. 606, 609, 308 S.E. 2d 293, 294 (1983).

When considering the first question, that is, whether the pre-trial identification procedures utilized were suggestive, the determinative inquiry is whether, under all the circumstances, the procedures were "so unnecessarily suggestive and conducive to irreparable mistaken identity as to offend fundamental standards of decency and justice." *Hannah* at 290, 332 S.E. 2d at 151. The trial court concluded that the physical line-up was impermissibly suggestive and the State has not appealed this ruling. Therefore, we need only consider the circumstances of the photographic array.

The witness, Kinlaw, was asked to come to the police station on or about 11 January 1985, nearly a month after the robbery, to view a photographic line-up of eight pictures. Each of the pictures was of a black man taken of only the upper torso and face. The most distinguishing characteristic of defendant—his height—was not discernible from the photograph. However, Kinlaw had described the second robber as having a light complexion. Defendant was the only noticeably light-complexioned black in the array. This feature was emphasized by the overexposure of defendant's photo.

Despite this, the trial court concluded that the photographic array did not violate defendant's due process rights. The court found as fact that the photos "are not clear with respect to whether there is one or more individuals who is of a light complexion . . . ." If supported by competent evidence, the trial court's findings of fact are binding on appeal. *State v. Corbett*, 309 N.C. 382, 307 S.E. 2d 139 (1983). However, a review of the transcript of the *voir dire* shows that the two witnesses who

testified about the photos noticed a clear difference in complexion of the men in the photos. The array itself was included in the record on appeal and reviewing it reveals that defendant stands out as clearly the man with the lightest complexion of the group. The trial court's finding to the contrary is, in our opinion, erroneous and should be set aside.

Based upon the record, we believe that the photographic array of 11 January 1985 was suggestive. Having made this determination, we must next review whether, under all the circumstances, the suggestive procedure gave rise to a "very substantial likelihood of irreparable misidentification." *State v. Harris*, 308 N.C. 159, 164, 301 S.E. 2d 91, 95 (1983). The factors used by our courts in making this determination were outlined in *State v. Wilson*, 313 N.C. 516, 330 S.E. 2d 450 (1985):

> (1) the opportunity of the witness to view the individual at the time of the event; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the individual; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the event and the confrontation.

*Id.* at 529, 330 S.E. 2d at 460.

Applying the facts of this case to the factors listed above, we conclude that there was not a "very substantial likelihood of misidentification." *Harris, supra.* The witness, Kinlaw, testified that the second robber, allegedly the defendant, was in the motel lobby for about a minute. He had draped a yellow sweatshirt over his head, but hurriedly, so that it did not completely obscure his facial features. The lobby of the motel was well lighted by bright fluorescent lighting. Kinlaw testified that he looked intently at the second robber because he could not understand what the robber was saying and was trying to read his lips. Kinlaw's description of the robber accurately described the defendant except for defendant's height, which Kinlaw said was five-four to five-six, while defendant is closer to five feet tall. Kinlaw demonstrated "ninety per-cent" certainty of his identification of defendant at the photographic array. Although the identification procedures took place a month or more after the robbery, and Kinlaw incorrectly gauged defendant's height, we conclude that the facts support the trial court's findings of fact and conclusions of law that

the photographic array did not lead to a "very substantial likelihood of irreparable mistaken identification." Evidence of the photographic array was properly admitted.

[2] Defendant next contends that the in-court identification of him by Kinlaw violated his due process rights as it had been tainted by the suggestive identification procedures utilized by the police. We disagree. The in-court identification of defendant was of origin independent of the pre-trial procedures. The factors outlined above used in determining the likelihood of misidentification from a suggestive identification procedure are the same factors used to determine whether an in-court identification was of "independent origin." *Wilson, supra.* Applying those same factors, we conclude that the in-court identification was of "independent origin" and was properly allowed.

[3] Finally, defendant contends that he was improperly denied status as a Committed Youthful Offender under G.S. 148-49.14, as the trial court improperly considered unresolved charges pending against defendant in sentencing defendant as an adult offender. Defendant was nineteen years old at the time of sentencing, but the trial court made a finding that defendant would not benefit as a Committed Youthful Offender, pursuant to the requirements of G.S. 148-49.14.

Normally, such a finding is made in the discretion of the trial judge and is reviewable on appeal only for an abuse of that discretion. *State v. Harris,* 67 N.C. App. 97, 312 S.E. 2d 541, *appeal dismissed and cert. denied,* 311 N.C. 307, 317 S.E. 2d 905 (1984). However, the trial court must base its exercise of discretion on evidence presented at trial and at the sentencing hearing. *State v. Lewis,* 38 N.C. App. 108, 247 S.E. 2d 282 (1978). Charges pending against a defendant are purely hearsay and not admissible as evidence. *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971). Therefore, if the trial court based its "no benefit" finding on the pending charges, that was error and a new sentencing hearing would be required.

During the sentencing hearing, the State introduced an exhibit which was a certified list of defendant's prior convictions and pending charges. The two prior convictions were both misdemeanors, but the pending charges were another armed robbery and assault with a deadly weapon inflicting serious injury. During

the arguments of counsel on sentencing, the trial judge said to defense counsel, "I have one concern, more than any other. . . . I am concerned with the nature of those charges. . . . How would you justify . . . Committed Youthful Offender status in light of the other pending charges?" This comment suggests that the trial judge denied defendant CYO status based on incompetent evidence. We cannot speculate as to what the trial judge might have ruled had the incompetent evidence not been tendered. Therefore, there must be a new sentencing hearing.

No error in the trial.

Remanded for resentencing.

Judges WEBB and EAGLES concur.