STATE OF NORTH CAROLINA v. MILAS H. MACK, JR.

No. 8626SC1328

(Filed 1 September 1987)

1. **Robbery § 4.6— armed robbery—evidence sufficient**

   Defendant's motion to dismiss a charge of armed robbery for insufficient evidence was properly denied where the State's evidence established that the codefendant Fitzsimmons endangered the ice cream clerk's life with a firearm, and that property was taken from the cash drawer. Although there was no direct evidence of who took the money, the jury could infer that defendant took the money and fled, and there was evidence that Fitzsimmons and defendant were acting together pursuant to a common plan or purpose in that defendant showed no surprise or fear when Fitzsimmons entered the store brandishing his gun, defendant stood motionless beside the gunman and only stared silently at the store clerk after Fitzsimmons' entry, defendants fled the store within seconds of each other, and the clerk testified that Fitzsimmons ran by the cash register without even bothering to check whether any money remained in the drawer.

2. **Robbery § 5.4— instructions on misdemeanor larceny as lesser-included offense refused—no error**

   The trial court properly refused to instruct the jury on misdemeanor larceny as a lesser-included offense of armed robbery where no reasonable view of the evidence would permit the jury to find that defendant took money from the cash register without the consent and collaboration of an armed codefendant.

3. **Criminal Law § 34.2— armed robbery—testimony allegedly implicating defendant in prior robbery of same store—no prejudice**

   There was no prejudice in an armed robbery prosecution of an ice cream store from the admission of testimony that the clerk recognized the gunman, Fitzsimmons, because "they" had robbed him previously. The clerk referred to no person other than Fitzsimmons, and defendant did not show that a different result would have been reached had the testimony been excluded. N.C.G.S. § 8C-1, Rule 403.

State v. Mack

**4. Criminal Law § 138.29— aggravating factors—pending charges**

The trial court did not err in sentencing defendant for armed robbery where the court commented on defendant's pending charges, but the record did not affirmatively disclose that the court enhanced defendant's sentence based on the pending charges. N.C.G.S. § 15A-1340.4(a) (1986).

**5. Criminal Law § 138.28— prior convictions—prosecutor's statement—insufficient evidence**

A sentence of 29 years, 11 months for armed robbery was remanded for resentencing where the record clearly revealed that the court based its finding of prior convictions solely on the prosecutor's remarks. N.C.G.S. § 15A-1340.4(a)(1)(o).

Judge PHILLIPS concurs in the result.

APPEAL by defendant from *Wright, Judge*. Judgment entered 6 August 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 May 1987.

Defendant appeals his armed robbery conviction. Although defendant offered no evidence at trial, the State's evidence tended to show defendant entered an ice cream parlor and ordered an ice cream cone from the store clerk. After the clerk handed defendant the cone, he opened the cash drawer and asked defendant for payment. While standing directly in front of the cash register, defendant stated he did not have enough money. As the clerk and defendant discussed the price of the ice cream cone, the store's front door bell sounded and a second man entered the store with a gun. The clerk recognized the second man as Michael Fitzsimmons from an earlier robbery of the ice cream store. Defendant showed no fear or surprise but simply stood in front of the cash register facing the clerk. Fitzsimmons grabbed the clerk and forced him face down onto the floor and held him there for about five seconds until the front bell again rang. At this sound, Fitzsimmons immediately put his gun in his pocket and ran by the cash drawer out the front door. Defendant was no longer present. The clerk did not see anyone take any money from the cash drawer but afterwards discovered some $60 had been stolen. Defendant and Fitzsimmons were both charged with committing armed robbery of the ice cream store and their cases joined for trial. During the trial, Fitzsimmons pleaded guilty to armed robbery and did not appear further.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Marilyn R. Mudge, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

GREENE, Judge.

The issues for this Court's determination are: I) whether the State presented sufficient evidence that defendant "acted in concert" with Fitzsimmons during the armed robbery; II) whether the trial court should have submitted the allegedly lesser included offense of misdemeanor larceny to the jury; III) whether the trial court erroneously admitted evidence of a prior robbery of the ice cream store; IV) in sentencing defendant, whether the trial court: (A) erroneously considered charges pending against defendant or (B) erroneously found defendant's prior conviction under N.C.G.S. Sec. 15A-1340.4(a)(1)(o) based on statements by the prosecutor.

I

[1] Upon defendant's motion to dismiss for insufficient evidence under N.C.G.S. Sec. 15A-1227 (1983), the court must determine as a matter of law whether the State has produced substantial evidence of each of the material elements of the offense charged and substantial evidence that defendant was the perpetrator of the crime. *State v. LeDuc*, 306 N.C. 62, 75, 291 S.E. 2d 607, 615 (1982). There was no evidence defendant personally committed all the necessary elements of armed robbery under N.C.G.S. Sec. 14-87 (1986). *See generally State v. Bates*, 309 N.C. 528, 534, 308 S.E. 2d 258, 262 (1983) (summarizing elements of nonconsensual taking of another person's property, in his presence or from his person, by endangering or threatening person's life with deadly weapon). Therefore, the State sought to prove the necessary elements of the offense by proving defendant acted "in concert" with Fitzsimmons:

> It is not . . . necessary for a defendant to do any particular act constituting at least part of a crime in order to be convicted of that crime under the concerted action principle so long as he is present at the scene of the crime and the evidence is sufficient to show he is acting together with

another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.

*State v. Joyner*, 297 N.C. 349, 357, 255 S.E. 2d 390, 395 (1979). Defendant argues the State presented insufficient evidence to show defendant acted with Fitzsimmons pursuant to a common plan or purpose to commit armed robbery.

Upon defendant's motion to dismiss, the court is required to consider the evidence in the light most favorable to the State, the State is entitled to every reasonable inference to be drawn from the evidence and all contradictions and discrepancies are for the jury to resolve. *State v. Powell*, 299 N.C. 95, 99, 261 S.E. 2d 114, 117 (1980). The test of the sufficiency of the evidence to sustain a conviction is the same whether the evidence is direct, circumstantial, or both: whether the jury may infer defendant's guilt beyond a reasonable doubt from the circumstances. *See State v. Rowland*, 263 N.C. 353, 358, 139 S.E. 2d 661, 665 (1965). The State's evidence established that the codefendant Fitzsimmons endangered the ice cream clerk's life with a firearm and that property was taken from the cash drawer. While there is no direct evidence who took the money from the register, the jury could reasonably infer defendant took the money from the drawer and left the store: after Fitzsimmons apparently heard defendant leave the store, Fitzsimmons fled, after which the clerk discovered money missing from the cash drawer. Regardless of who took the money, there was likewise other evidence Fitzsimmons and defendant were acting together pursuant to a common plan or purpose: defendant showed no surprise or fear when Fitzsimmons entered the store brandishing his gun; after Fitzsimmons' entry, defendant stood motionless beside the gunman and only stared silently at the store clerk; and both defendants fled the store within seconds of each other. The clerk furthermore testified Fitzsimmons ran by the cash register without even bothering to check whether any money remained in the drawer.

We find this evidence sufficient to permit the reasonable inference that defendant and Fitzsimmons were acting together in pursuance of a common plan to take money from the store by threatening the clerk's life with a deadly weapon. Accordingly, the trial judge properly denied defendant's motion to dismiss.

## II

[2] Defendant next contends the trial judge improperly failed to submit a misdemeanor larceny verdict to the jury. The trial judge must instruct the jury of a lesser-included offense when there is evidence from which the jury could find defendant committed such lesser offense. *State v. Redfern*, 291 N.C. 319, 321, 230 S.E. 2d 152, 153 (1976). There is some confusion whether misdemeanor larceny is a lesser-included offense of armed robbery. *See State v. Hurst*, 82 N.C. App. 1, 15-16, 346 S.E. 2d 8, 16-17, *disc. rev. allowed*, 318 N.C. 698, 350 S.E. 2d 861 (1986) (summarizing two lines of Supreme Court decisions). However, assuming *arguendo* misdemeanor larceny is a lesser-included offense of armed robbery, no reasonable view of this evidence would in any event permit the jury to find defendant himself took the money from the cash register without the consent and collaboration of Fitzsimmons. Since there was sufficient evidence of armed robbery and insufficient evidence of misdemeanor larceny, the trial court correctly refused to submit the issue of misdemeanor larceny to the jury. *See Redfern*, 291 N.C. at 321, 230 S.E. 2d at 154.

## III

[3] Defendant next contends the trial court erroneously allowed the store clerk's following testimony:

Q. I believe the last question I had for you, sir, was at the time the gunman [Fitzsimmons] came in the store, did you recognize that man?

A. Yes.

Q. How did you recognize him?

. . . .

A. I recognized him from coming in the store where *they* well, would have been on the 13th, when *they* robbed me on the 13th. [Emphasis added.]

. . . .

Q. Is he the man that was the gunman on [the] November 13th and November 26th robberies?

A. Yes.

Defendant argues the witness's statement that "they robbed me" improperly led the jury to conclude defendant and Fitzsimmons had previously robbed the same ice cream parlor. Defendant argues the witness's statement was in any event irrelevant and prejudicial.

While our rules of evidence do not allow evidence of other crimes to prove defendant's criminal propensities, *see* N.C.G.S. Sec. 8C-1, Rule 404(a) (1983), Rule 404(b) allows evidence of other crimes for the purpose of proving a "plan." In any case, the clerk's testimony cannot be reasonably construed to indicate defendant actually committed any other crime with Fitzsimmons since the witness referred to no person other than Fitzsimmons. While this portion of the clerk's testimony might appear irrelevant since Fitzsimmons was no longer on trial, we cannot say defendant has been prejudiced by its admission in evidence. Exclusion of allegedly prejudicial evidence under N.C.G.S. Sec. 8C-1, Rule 403 is a matter within the sound discretion of the trial judge. *State v. Mason*, 315 N.C. 724, 731, 340 S.E. 2d 430, 435 (1986). Furthermore, defendant has failed to show that, had this allegedly prejudicial testimony been excluded, a different result would have been reached at trial. N.C.G.S. Sec. 15A-1443 (1986). Any error by the trial court was thus harmless.

### IV

### A

[4] Although neither the court's sentencing form nor the record reveals the court specifically found defendant's pending charges aggravated his sentence, the court did make the following references to defendant's pending charges:

> THE COURT: Let the Record reflect that it appeared often in the pre-hearing conferences that the Court is aware that Mr. Mack is under arrest for three breaking and enterings and larceny in Mecklenburg County, but they have not come to trial. He's been arrested but not indicted. Further, he's a suspect in a double homicide. Proceed.
>
> . . . .
>
> THE COURT: One second. He also has been—he is possibly implicated in another armed robbery at this same ice cream store, but based on representation of Counsel, ap-

parently that was not a true charge, based on statements of the co-Defendants[,] that was very weak.

. . . .

THE COURT: Mr. Mack, you're in a lot of trouble. In fact, you're in more trouble than anyone I've seen in my Court in months. Now, I'm going to sentence you then I'm going, I would think that the sentence I'm going to give you will be taken into account by the District Attorney's office and by the Judges in the other cases.

Defendant argues the court improperly considered these other charges in sentencing. A pending charge *per se* is clearly not a mandatory aggravating factor enumerated under N.C.G.S. Sec. 15A-1340.3(a)(1) (1986). Under Section 15A-1340.4(a), the trial court may however consider any unenumerated aggravating factor it finds by a preponderance of the evidence and which is "reasonably related to the purposes of sentencing" as set forth in Section 15A-1340.3:

The primary purposes of sentencing . . . are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

Since a pending charge raises no inference of defendant's guilt of the crime charged, *see State v. Williams*, 279 N.C. 663, 673, 185 S.E. 2d 174, 180 (1971), the mere fact of pending charges is not itself an unenumerated aggravating factor "reasonably related to the purposes of sentencing" set forth by the Legislature. *See State v. McLean*, 83 N.C. App. 397, 402, 350 S.E. 2d 171, 175 (1986) (since pur hearsay, pending charges for other crimes inadmissible as basis for deciding parole of "no benefit" to Committed Youthful Offender). This is not to say evidence of pending charges may never be used to establish *other* proper aggravating factors which require no inference defendant is guilty of the crime charged. Thus, the Legislature has specifically enumerated Section 15A-1340.4(a)(1)(k) which provides a sentence may be increased if defendant has committed the offense while on release

for a pending felony charge. *See State v. Webb*, 309 N.C. 549, 559, 308 S.E. 2d 252, 258 (1983) (holding such factor did not violate due process since one demonstrates "disdain for the law" by committing offense while on release, irrespective of one's presumed innocence of such pending charge). While pending charges may in such narrow instances be admissible to prove a sentencing factor, the sentencing court may never enhance defendant's presumptive sentence merely because defendant has charges for other crimes pending against him.

Nevertheless, we uphold the trial court's sentencing in the instant case since the record does not affirmatively disclose the court enhanced defendant's sentence based on any consideration of his pending charges. *See State v. Corbett*, 309 N.C. 382, 403, 307 S.E. 2d 139, 152 (1983), (where no indication trial court considered evidence of crimes for which defendant acquitted, resentencing denied); *see also State v. Snowden*, 26 N.C. App. 45, 46, 215 S.E. 2d 157, 158, *cert. denied*, 288 N.C. 251, 217 S.E. 2d 675 (1975) (where punishment within lawful limits and record did not affirmatively disclose impropriety, sentence deemed regular and valid). Instead, the trial court's statements merely indicate it was aware of defendant's pending charges, not that it found or even considered them a factor aggravating defendant's sentence. *Cf. McLean*, 83 N.C. App. at 402, 350 S.E. 2d at 175 (sentencing court's statement strongly suggested it denied parole based on pending charges). Therefore, the sentencing court's statements regarding defendant's other pending charges do not themselves necessitate resentencing.

B

[5] Defendant finally contends the trial judge improperly found the aggravating sentencing factor of prior convictions under N.C.G.S. Sec. 15A-1340.4(a)(1)(o) (1986). Although the assistant district attorney and defendant both made references to defendant's alleged prior convictions at the sentencing hearing, defendant argues the court's finding was not supported by sufficient evidence to prove defendant's prior convictions by a preponderance of evidence. *See* Section 15A-1340.4(a), (b).

N.C.G.S. Sec. 15A-1340.4(e) (1986) states "prior convictions may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction." These

methods of proof are permissive rather than mandatory. *State v. Thompson*, 309 N.C. 421, 424, 307 S.E. 2d 156, 159 (1983). While defendant's sentence of 29 years, 11 months was within the statutory limits for this offense, the sentence exceeded the presumptive term of 14 years. Therefore, if the assertion of defendant's prior convictions is not supported by sufficient evidence, the case must be remanded for a new sentencing hearing. *See State v. Ahearn*, 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983) (if sentence imposed is beyond presumptive term and aggravating factor not supported by sufficient evidence, must remand case for new sentencing hearing).

The State argues the following unsworn statements by the assistant district attorney and defendant sufficiently proved defendant's prior convictions:

MR. STATON: Your Honor, as aggravating factors in this case, the State would present that Mr. Mack, the Defendant, has been convicted on a charge of Felonious Breaking and Entering and Felonious Larceny on July the 8th, 1981, received a ten-year suspended sentence and five years probation.

THE COURT: That was Felonious Breaking and Entering and Larceny?

MR. STATON: Yes, sir. Mr. Mack has been convicted of two counts of Felonious Breaking and Entering, I believe, on May 7th, 1981 —

THE COURT: Go ahead.

MR. STATON: Was convicted of two counts of Felonious Breaking and Entering in 1981. At that time he received a ten year suspended sentence and five years probation. His probation was revoked in 1983, sent to the Department of Corrections in Raleigh I believe in Central Prison to serve approximately a three year active sentence, and was paroled on December 12th, 1984. That, to the best of my knowledge, is the record that we have. It may not be complete.

THE COURT: He has one prison term?

MR. STATON: Pardon?

THE COURT: He's been to prison once, or twice?

MR. STATON: Once, to my knowledge, for Breaking and Entering and Larceny.

THE COURT: I find the aggravating factor that the Defendant has been judged guilty of crimes involving more than sixty days imprisonment. . . .

[There follows the complete discussion of defendant's pending charges previously excerpted as well as discussion of possible mitigating factors.]

THE COURT: Stand up, Mr. Mack.

How long did you spend in jail the last time, in prison?

DEFENDANT: Twelve months.

The record does not indicate on what the assistant district attorney's statements were based. The record does indicate defendant neither objected to the prosecutor's statements nor offered any evidence in contradiction.

At the outset, we note the formal rules of evidence do not apply to sentencing hearings. N.C.G.S. Sec. 15A-1334(b) (1983). Absent objection at the sentencing hearing or assertion of the "plain error" rule, we also note defendant has waived objection to the competency of the prosecutor's statements as an acceptable method of proof. *See State v. Massey*, 59 N.C. App. 704, 705, 298 S.E. 2d 63, 64 (1982) (failure to object to reading record into evidence would waive right to challenge admission of evidence even if incompetent); *cf. State v. Carter*, 318 N.C. 487, 490-91, 349 S.E. 2d 580, 582 (1986) (although court noted defendant neither objected to officer's testimony of prior convictions nor argued "plain error" on appeal, court nevertheless determined officer's recollection was acceptable and sufficient evidence of defendant's prior convictions). However, while defendant may have waived challenging the competency of the assistant prosecutor's statements, defendant was not required to object at the sentencing hearing in order to assert the insufficiency of the remarks as a matter of law to prove his prior convictions by a preponderance of the evidence. *See* Section 15A-1446(d)(5) (1983) (error based on insufficiency of evidence as matter of law may be subject of appellate review without objection or motion below); *see also State v. Thompson,*

60 N.C. App. 679, 684, 300 S.E. 2d 29, 32, *modified and aff'd*, 309 N.C. 421, 424-25, 307 S.E. 2d 156, 159 (1986) (although no apparent objection to prosecutor's statements based on "memory" and "indication on folder," on appeal Supreme Court deemed such statements "insufficient" to prove prior convictions).

It is clear a prosecutor's mere unsupported statement is not sufficient proof of defendant's prior convictions under Section 15A-1340.4(a)(1)(o). *State v. Swimm*, 316 N.C. 24, 32, 340 S.E. 2d 65, 70-71 (1986); *accord Thompson*, 309 N.C. at 423-25, 307 S.E. 2d at 159 (1983); *State v. Harris*, 65 N.C. App. 816, 818, 310 S.E. 2d 120, 122 (1984) (statement by district attorney "standing alone" that defendant "had record of prior convictions" is not sufficient proof of prior convictions). *Cf. State v. Bynum*, 65 N.C. App. 813, 814-15, 310 S.E. 2d 388, 389-90, *disc. rev. denied*, 311 N.C. 404, 319 S.E. 2d 275 (1984) (statement based on "FBI printout" was sufficient proof by preponderance of evidence); *see also Massey*, 59 N.C. App. at 705, 298 S.E. 2d at 64-65 (trial court properly found defendant's prior convictions where prosecutor read defendant's "Department of Justice record" into evidence).

We note the record clearly reveals the court based its finding of defendant's prior convictions solely on the prosecutor's remarks, not on any statement made by defendant *after* the court entered its finding. We also recognize some confusion in the remarks themselves regarding which alleged conviction resulted in what specific imprisonment. Furthermore, defendant simply answered "twelve months" when the court subsequently asked how long had he spent "in jail the last time, in prison." The court did not ask *why* defendant spent such time in jail or prison. Since this colloquy occurs several transcript pages after the prosecutor's remarks regarding prior convictions and after much discussion of defendant's pending charges, it is not clear to what defendant's brief statement refers. We cannot say defendant has clearly admitted any prior conviction for which his sentence could be enhanced under the statute. *Cf. State v. Graham*, 309 N.C. 587, 593, 308 S.E. 2d 311, 316 (1983) (defendant's sworn testimony of prior convictions itself constituted separate and sufficient proof of convictions as well as "cured" prior proof of convictions based on hearsay).

Thus, under *Thompson* and *Harris*, the prosecutor's unsupported remarks "stood alone" and were insufficient to prove defend-

ant's prior convictions under Section 15A-1340.4(a)(1)(o) by a preponderance of the evidence. Pursuant to the rule enunciated in *Ahearn,* we therefore remand the case for resentencing. 307 N.C. at 602, 300 S.E. 2d at 701.

No error in trial. Sentence is vacated and remanded for re-sentencing in accordance with this opinion.

Judge COZORT concurs.

Judge PHILLIPS concurs in the result.