STATE OF NORTH CAROLINA v. GEORGE G. CHARLES

No. 8810SC79

(Filed 30 December 1988)

1. **Rape and Allied Offenses § 5— first degree rape—penetration—rope as deadly weapon—sufficiency of evidence**

   The State introduced sufficient evidence of vaginal penetration through the victim's testimony to permit a rational jury to find beyond a reasonable doubt that defendant engaged in forced intercourse with the victim, and evidence that defendant used a rope to choke the victim until she lost consciousness supported a reasonable inference that the cord as used by defendant was a dangerous weapon as a matter of law; therefore, the trial court did not err in failing to instruct on lesser included offenses of first degree rape.

2. **Burglary and Unlawful Breakings § 5— unpermitted use of key—sufficiency of evidence of first degree burglary**

   Defendant's unpermitted use of a key did not transform his unpermitted entrance into the victim's apartment into anything less than first degree burglary.

3. **Criminal Law § 34.6— testimony indicating defendant's previous incarceration—defendant not prejudiced**

   The trial judge did not abuse his discretion to the prejudice of defendant when he allowed the victim to testify that defendant stated "they are never going to take me in again alive," even if the statement did refer to previous incarceration, since the statement is probative of defendant's knowledge of his guilt, and there was no showing that its probative value was substantially outweighed by its prejudicial effect.

4. **Assault and Battery § 15.2— choking victim with cord—instructions supported by evidence—verdict arrested—defendant not prejudiced**

   Evidence was sufficient to support the trial court's instruction that, if the jury found that defendant intentionally choked the victim with a rope or cord, then it would be their duty to return a verdict of guilty of assault with a dead-

State v. Charles

ly weapon with intent to kill, but even if such instruction was erroneous, defendant was not prejudiced because the judge arrested the jury's verdict as to this conviction.

5. **Jury § 7.7— denial of challenge for cause—failure to exhaust peremptory challenges—waiver of right to challenge**

Defendant in a rape case could not properly raise an issue as to whether the lower court erred in denying defendant's challenge for cause of a prospective juror where defendant did not exhaust his peremptory challenges at trial. N.C.G.S. § 15A-1214(h) and (i).

6. **Criminal Law § 138.14— sentence—aggravating factors outweighing mitigating factors**

The trial court properly found that aggravating factors of defendant's previous guilty plea to second degree rape and his conviction of carrying a concealed weapon outweighed factors in mitigation, and the rape victim's statement regarding defendant's good rapport with her children amounted to a lack of showing of his bad character and not statements reflecting his good character.

APPEAL by defendant from *Battle, Judge.* Judgment entered 27 August 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 7 September 1988.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Allen Jernigan, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Gordon Widenhouse, for defendant-appellant.*

ORR, Judge.

Defendant, George G. Charles, was convicted of first-degree rape, first-degree sexual offense, first-degree burglary, and assault with a deadly weapon. Defendant was given concurrent life sentences for the rape and sexual offense, a consecutive 20-year sentence for the burglary, and judgment was arrested on the assault with a deadly weapon conviction.

On appeal, defendant has brought forth numerous assignments of error relating to: (1) certain jury instructions, (2) the admission of specific exculpatory statements, (3) the removal of a prospective juror, and (4) the trial court's refusal to find certain mitigating factors.

The State's evidence tended to show that the victim and defendant were acquaintances from church. Some time after a sepa-

ration from her husband, the victim and defendant dated one another, but following certain disagreements, discontinued their relationship. On 13 May 1987, defendant saw the victim at church with her estranged husband. Later that night, defendant went to the victim's residence but she did not allow him to enter. The victim asked defendant to leave which he did, but he later returned in the early hours of the morning.

The victim awoke shortly after 2:00 a.m. and found defendant standing nude at her bedside. Defendant began to pull at the victim's underwear but he stopped when he was asked to do so. The victim then agreed to talk with defendant if he would put on his clothes. The victim then went downstairs with defendant, talked with him briefly, and followed him to the door to see that he left. Defendant suddenly grabbed the victim and carried her to the couch. Defendant then pulled down the victim's underwear and unzipped his pants.

During their struggle, defendant choked the victim with his hands and tried to have intercourse with her. When they fell off of the couch, defendant began to choke the victim with a cord until she lost consciousness. Upon regaining consciousness the victim found defendant "trying to have sexual intercourse with [her]." Defendant then engaged in oral sex with her.

Following this, the victim complained about throat pains and asked defendant for some water. Defendant gave the victim a cup of water and called the rescue squad. Defendant was leaving when he encountered the police. He told them that all that the victim said was true. Defendant was arrested and taken into custody where he made an incriminating statement. The victim was then taken to the hospital for treatment.

I.

[1] We will first address the issue of whether the court erred in failing to instruct the jury on second-degree rape, attempted second-degree rape, second-degree sexual offense, and felonious breaking or entering, all of which are lesser included offenses to those for which defendant was convicted.

Defendant did not object to the instructions at trial. Therefore, this issue was not properly preserved for appeal. In order for the instruction to be the basis of a reversal, it must rise to the

level of "plain error." *See State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983); *United States v. McCaskill*, 676 F. 2d 995 (4th Cir. 1982). We have examined the record and determined for the reasons set forth below that no instructional error occurred which would have affected the jury's decision.

### A.

Defendant contends that there is conflicting evidence of whether penetration of the victim actually occurred. He argues that due to this ambiguity in the evidence, the jury should have been instructed on the relevant lesser included offenses. Defendant is incorrect in his assertions. The victim testified that when she regained consciousness, defendant was forcing his penis inside her. She further responded affirmatively when asked whether defendant had put his penis inside her.

Our Supreme Court has on several occasions relied on the rule that "[e]vidence of the slightest penetration of the female sex organ by the male sex organ is sufficient for vaginal intercourse . . . ." *State v. Williams*, 314 N.C. 337, 351, 333 S.E. 2d 708, 718 (1985). We find that the State introduced sufficient evidence of vaginal penetration through the victim's testimony to permit a rational jury to find beyond a reasonable doubt that defendant engaged in forced intercourse with the victim.

Additionally, defendant claims that the court erred in not charging the jury on second-degree rape because the evidence was controverted as to whether the cord that he used was a deadly weapon as a matter of law. According to *State v. Young*, 317 N.C. 396, 346 S.E. 2d 626 (1986), "[i]n order to be characterized as a 'dangerous or deadly weapon,' an instrumentality need not have actually inflicted serious injury. A dangerous or deadly weapon is 'any article, instrument or substance which is *likely* to produce death *or* great bodily injury.'" *Id.* at 417, 346 S.E. 2d at 638 (citation omitted) (emphasis original). The *Strickland* court in upholding a trial court's instruction that the jury could consider a rope to be a deadly weapon said: " '[a] deadly weapon is not one which must kill but one which under the circumstances of its use is likely to cause death or great bodily harm.' " *State v. Strickland*, 307 N.C. 274, 295, 298 S.E. 2d 645, 659 (1983) (citation omitted).

Furthermore, the court should charge the jury that an instrumentality is deadly " '[w]here the allegedly deadly weapon and

the manner of its use are of such character as to admit of but one conclusion. . . .' " *State v. Torain,* 316 N.C. 111, 119, 340 S.E. 2d 465, 470 (1986) (citation omitted). Based upon *Torain,* the deadly nature of an instrument is a jury question " 'where the instrument, according to the manner of its use or the part of the body at which the blow is aimed, may or may not be likely to produce such results, . . . .' " *Id.* at 120, 340 S.E. 2d at 470.

In the instant case, as in *Torain* and *Young,* the defendant used his weapon to subdue his victim so that his assault could be completed. Here the victim was choked until she lost consciousness. Under these circumstances, the manner in which defendant used the rope could have resulted in the victim's death by strangulation. There is little question that choking a person with a cord until they lose consciousness could likely result in death or serious bodily injury. Therefore, we believe that the only reasonable inference is that the cord as used by defendant was a dangerous weapon as a matter of law.

Accordingly, we conclude that there was no contradictory evidence which would have compelled the judge to charge the jury on the lesser included offenses. Instructions on the lesser included offenses of first-degree rape are warranted only when there is some doubt or conflict concerning crucial elements of the offense. *See State v. Wright,* 304 N.C. 349, 283 S.E. 2d 502 (1981).

B.

[2] Defendant also argues that because he entered the victim's house with a key and did not break the close of her dwelling as proscribed by the burglary statute, he was therefore entitled to have the jury instructed on the lesser offense of felonious breaking or entering. The elements of felonious breaking or entering are "(1) the breaking *or* entering (2) of any building (3) with the intent to commit any felony or larceny therein." *State v. Litchford,* 78 N.C. App. 722, 725, 338 S.E. 2d 575, 577 (1986) (emphasis added). *State v. Knight,* 261 N.C. 17, 134 S.E. 2d 101 (1964) states that "[t]here is a sufficient breaking where a person enters a building with a felonious intent by unlocking a door with a key." *Id.* at 25, 134 S.E. 2d at 107.

Based upon the evidence, defendant was not entitled to a charge on this lesser included offense. There was sufficient evi-

dence to establish a burglary free from ambiguities or contradictions. " 'The jury should be instructed on a lesser included offense when, and only when, there is evidence from which the jury could find that such included crime of lesser degree was committed.' " *State v. Jolly*, 297 N.C. 121, 127, 254 S.E. 2d 1, 5 (1979) (citation omitted). The defendant's unpermitted use of a key is hardly a fact which transformed his unpermitted entrance into something less than a burglary in the first degree. This assignment of error is overruled.

## II.

[3]   Our attention is now turned toward determining whether the trial judge abused his discretion to the prejudice of defendant when he allowed the admission of statements which referred to the defendant's prior incarceration. The defense contends that the evidence was unduly prejudicial to defendant and, therefore, should have been excluded under N.C.R. Evid. 804, 608 and 609. The State argues that this evidence is admissible to show defendant's acknowledgement of responsibility for his criminal conduct. The States cites *State v. Redfern*, 246 N.C. 293, 98 S.E. 2d 322 (1957) as support for this contention.

The case of *State v. Mack*, 87 N.C. App. 24, 359 S.E. 2d 485 (1987), which involved an inference to criminal activity which defendant claimed was prejudicial and injurious to his defense is pertinent to our consideration of this issue. In *Mack* we stated that the "[e]xclusion of *allegedly* prejudicial evidence under N.C.G.S. sec. 8C-1, Rule 403 is a matter within the sound discretion of the trial judge." *Mack*, 87 N.C. App. at 29, 359 S.E. 2d at 489 (emphasis added).

The statement which defendant is challenging also involves an inference to criminal activity. The victim testified that defendant stated "they are never going to take me in again alive." Defendant argues that "again" makes reference to previous incarceration. At trial a general objection was made. Consequently, our finding that the evidence was competent for any purpose would prevent us from disturbing the decision below. *See State v. Dawson*, 278 N.C. 351, 180 S.E. 2d 140 (1971). Defendant conceded in his brief that the statement had "minimal" probative value. We are persuaded by the State's argument that the statement is probative of defendant's knowledge of his guilt. Further, there has

been no showing that the probative value of the statement was substantially outweighed by its prejudicial effect. Therefore, having found that the statement was properly admitted and defendant was not prejudiced, we overrule this assignment of error.

### III.

[4] We next address the question of whether the court below committed reversible error in its instructions on the assault with a deadly weapon charge. Defendant argues that, by instructing the jury that if they found that "defendant intentionally choked [the victim] with a rope or a cord . . . then it would be your duty to return a verdict of guilty of assault with a deadly weapon with intent to kill," invaded a matter within the province of the jury. Defendant contends that this charge violated his constitutional rights because it created an impermissible mandatory inference that a rope or cord is a deadly weapon. Again, we note that because defendant failed to object to this instruction at trial, in order for this assignment to be the basis of a reversal, the judge's instruction must have constituted "plain error."

Upon reviewing the entire record as we are required to do, we find that defendant is incorrect in his assertion that this charge was an instructional error. Moreover, assuming that an error occurred, such error was adequately cured and no reversal is required.

As we previously stated, the circumstances and the manner in which defendant attacked the victim with the cord justified the court's finding that the cord which was used is a deadly weapon as a matter of law. Based upon our previous analysis, we conclude that the jury instructions did not create an impermissible presumption that a cord is a dangerous or deadly weapon as a matter of law. Moreover, defendant could not have been prejudiced by this instruction because the judge arrested the jury's verdict as to this conviction. We see no reason to disturb the court's decision on this matter. *See State v. Beach,* 283 N.C. 261, 196 S.E. 2d 214 (1973) (where a jury verdict of not guilty rendered nonprejudicial the failure of the trial judge to submit a lesser included offense); *State v. Berkley,* 56 N.C. App. 163, 287 S.E. 2d 445 (1982) (where an acquittal of the more serious crime made harmless the submission of that charge to the jury).

## IV.

[5] This Court will in turn address itself to the issue of whether the lower court erred in denying defendant's challenge for cause of a prospective juror. The prospective juror which defendant sought to challenge was a man who testified on *voir dire* that his mother had been raped when he was a child. He further stated that he had received help for some related emotional problems, and that there was nothing which would affect his ability to be fair and impartial at the trial.

Pursuant to G.S. 15A-1214(h) and (i), the defendant may raise this sort of issue on appeal only when he has: "(1) [e]xhausted the peremptory challenges available to him; (2) [r]enewed his challenge as provided in subsection (i) of this section; and (3) [h]ad his renewal motion denied as to the juror in question." Subsection (i) states that "[a] party who has exhausted his peremptory challenges may move orally or in writing to renew a challenge for cause previously denied . . . ."

In the instant action, defendant concedes that he did not comply with the requirements of this statute; nevertheless, he urges this Court not to "rigidly" apply these provisions. Because defendant did not follow the mandatory requirements under this rule, this issue is not properly before us. *State v. Sanders*, 317 N.C. 602, 346 S.E. 2d 451 (1986). Therefore, we decline to address it.

## V.

[6] The final issue to be addressed is whether the lower court abused its discretion in finding that the aggravating factors outweighed the mitigating factors. Defendant argues that the testimony of the victim, as well as other testimony, established certain mitigating factors. He claims that the court erred in not finding these factors to be mitigating because they were uncontradicted and supported by the evidence.

The State argues that there was insufficient evidence to support defendant's position. Likewise, the State contends that the evidence did not compel the result sought by defendant. "The balancing of the properly found factors in aggravation and mitigation is left to the sound discretion of the trial judge." *State v. Teague*, 60 N.C. App. 755, 758, 300 S.E. 2d 7, 8-9 (1983).

In reviewing the record, we find ample support for the lower court's decision. Defendant previously pled guilty to second-degree rape and was convicted of carrying a concealed weapon. The court found that these factors outweighed factors offered in mitigation. We note that the victim's statement regarding defendant's good rapport with her children amounted to a lack of a showing of his bad character and not statements reflecting his good character. *State v. Benbow*, 309 N.C. 538, 308 S.E. 2d 647 (1983).

Based on the foregoing, defendant received a fair trial, free from any prejudicial error.

No error.

Judges GREENE and SMITH concur.