TYSON, Judge.
Alexander MacKenzie Burdette ("defendant") appeals from judgments and sentences entered after defendant's guilty pleas. We affirm case numbers 00 CRS 51651 and 00 CRS 51690 and remand for resentencing in case numbers 00 CRS 51692 and 00 CRS 51693.
I. Background
On 16 July 2001, defendant entered guilty pleas to multiple Class H and Class I felonies, including three counts of breaking and entering, two counts of larceny, two counts of uttering a forged check, and one count of financial card theft. He also pled guilty to two Class G felonies of malicious damage to property by use of an explosive or incendiary device and second-degree arson. As prescribed by defendant's plea agreement, the trial courtconsolidated the offenses into four judgments. In 00 CRS 51651 and 00 CRS 51690, the court sentenced defendant to consecutive aggravated prison terms of twelve to fifteen months for two of his breaking and entering offenses. In 00 CRS 51692, the court entered a presumptive sentence of sixteen to twenty months for malicious damage to property. In 00 CRS 51693, the trial court imposed an aggravated sentence of twenty to twenty-four months for second-degree arson. On 6 August 2002, this Court issued a writ of certiorari pursuant to N.C.R. App. P. 21(a)(1), to allow defendant a belated appeal limited to the sentencing issues set forth in N.C. Gen. Stat. § 15A-1444(a1)-(a2).
II. Issue
In his lone argument on appeal, defendant avers the trial court erred in calculating his prior record level for the two Class G felonies in 00 CRS 51692 and 00 CRS 51693. See N.C. Gen. Stat. § 15A-1340.14 (2003).
III. Defendant's Record Points
Defendant's worksheets reflect prior convictions conferring a total of four prior record points, as follows: (1) two points for his 18 February 1997 convictions for the Class H felonies of breaking and entering and larceny; (2) one point for his 25 September 1996 conviction for the Class 1 misdemeanor of injury to real property; and (3) one point for his 17 May 2000 conviction for the Class 1 misdemeanor of larceny. See N.C. Gen. Stat. § 15A-1340.14(b)(4)-(5) and (d). An additional prior record point was applicable to defendant's breaking and entering offenses, inasmuchas his 18 February 1997 conviction for felonious breaking and entering included all of the essential elements of his instant offense. See N.C. Gen. Stat. § 15-1340.14(b)(6). Defendant thus had five record points and a Prior Record Level of III for his Class H felonies of breaking and entering, but only four record points and a Prior Record Level of II for his Class G felonies. See N.C. Gen. Stat. § 15A-1340.16(c) (2003). The trial court sentenced defendant as a Prior Record Level of III in each of the four judgments.
Although the prior record worksheets for 00 CRS 51692 and 00 CRS 51693 are not included in the record on appeal, the worksheets for the offenses of financial card theft and uttering in 00 CRS 51652, 00 CRS 51653, and 00 CRS 51684 reflect defendant's four prior record points and Prior Record Level of II for crimes other than breaking and entering and larceny. There was no additional evidentiary proffer or any discussion regarding defendant's prior record level at his plea hearing; "nor is there any evidence of a stipulation by the parties as to prior record level." State v. Riley, 159 N.C. App. 546, 557, 583 S.E.2d 379, 387 (2003). The State concedes that, "based upon the information contained in the record on appeal, it would appear the defendant should have been sentenced in 00 CRS 51692 and 51693 as a Level II as opposed to Level III offender." We agree.
IV. Conclusion
We affirm defendant's sentence in case numbers 00 CRS 51651 and 00 CRS 51690 for the breaking and entering offenses. We remandthis cause to the trial court for a new sentencing hearing in case numbers 00 CRS 51692 and 00 CRS 51693 for the malicious damage to property offenses. See id. (citing State v. Mack, 87 N.C. App. 24, 34, 359 S.E.2d 485, 491 (1987), disc. rev. denied, 321 N.C. 477, 364 S.E.2d 663 (1988); State v. Hanton, 140 N.C. App. 679, 690, 540 S.E.2d 376, 383 (2000)).
Affirm case numbers 00 CRS 51651 and 00 CRS 51690; remanded for resentencing in case numbers 00 CRS 51692 and 00 CRS 51693.
Affirmed in part, Remanded in part.
Judges WYNN and GEER concur.
Report per Rule 30(e).